# Lower & Barron *versus* Clement.

The defendant, who was a country merchant, proposed to compound with his creditors in Philadelphia, upon terms stipulated in a written instrument, which contained the condition that it was to be void if not signed by *all his Philadelphia* creditors. The plaintiffs and several others signed the agreement, and afterwards the plaintiffs brought suit on the original indebtedness; to which defendant set up the compromise as a defence, but gave no evidence that, the instrument had been signed by *all the Philadelphia creditors.* Held, that to defeat a clear legal liability under such an instrument, the defendant was bound to prove performance of every condition necessary to give it effect.

Where such instrument proposed new sureties to the creditors, it was for the defendant to show that they had been proposed and tendered, as well as that all the designated creditors had assented to it.

To submit a fact set up by the defence to the jury, of which there was no evidence, and which the plaintiff disproved, was error.

Where an instrument of release stipulates that it shall be void if not agreed

[Lower & Barron *v.* Clement.]

to by *all* creditors in a given place, and'it was signed by several, the party setting it up must show that those who assented comprised *all* the creditors designated.

Where the party makes *one* objection to the compliance with the terms of a compromise, where there are several, this is not a waiver of all others, but they remain open and may be asserted at the proper time.

ERROR to the Common Pleas of *Northumberland county*.

Defendant being engaged in mercantile business became indebted to plaintiffs, merchants in Philadelphia, and other merchants of the same place. On the 27th January, 1848, defendant gave to plaintiffs three promissory notes at six, twelve, and eighteen months, amounting in the whole to $598.58.

On the 9th August, 1848, Clement wrote to plaintiffs that he could not meet his liabilities, and proposed a compromise. On the 11th August, plaintiffs sent the above notes to Mr. Packer for collection. In the same month Clement proposed the following agreement to his creditors in Philadelphia:—

"Philadelphia, August 24, 1848.

"We, the undersigned, creditors of Ira T. Clement, do hereby agree to release our claims on condition that he gives his notes for 35 per cent., payable in twelve months, and 15 per cent., payable in eighteen months, with approved security, and bearing interest from date: also, his own note for 25 per cent., payable in five years, without interest.

"The condition of the above agreement is this: that *all his Philadelphia creditors will agree to the same, otherwise to stand null and void.*"

This paper was signed by the plaintiffs, and thirteen other of the Philadelphia creditors.

On the 6th September, Mr. Packer wrote to plaintiffs that D. Mets, J. Siesholtz, and S. Savage had agreed to go security for Clement, to his Philadelphia creditors, upon the terms proposed in the above agreement, and that he had taken notes for their debts, but to have no binding effect until accepted and approved by them. On the 15th September, plaintiffs wrote to Mr. Packer, declining to accept the notes. On the 3d October, 1848, Packer wrote to plaintiffs that he had been informed that they and some other creditors had agreed to take Clement's own judgment-note, in addition to the other security; and that he had taken the same subject to their (the plaintiffs',) approval, to which, on the 14th November, 1848, plaintiffs replied, refusing to accept the notes. On the 6th December, 1848, Packer again wrote to plaintiffs, that as other judgments were about being entered against Clement, he had entered the one taken in their names, but with the agreement that it was not to be binding unless approved by them, and that he had retained their original notes. On the 19th December,

[Lower & Barron v. Clement.]

1848, plaintiffs wrote to Mr. Packer that they would not accept this proposition, and that he should proceed to obtain judgment on their three notes as speedily after maturity as possible. Plaintiffs also ascertained, as alleged, that all the creditors in Philadelphia had not signed the agreement of 24th August, 1848, or assented to it; and Packer offered to return to Clement the subsequent notes and judgment, informing him that the plaintiffs would not accept his propositions, which Clement refused to receive, and Mr. Packer then brought suit on the original notes.

The defence was that the notes had been compromised by the agreement of 24th August, 1848, and the judgment against Clement.

It was further in evidence that three of the creditors in Philadelphia had not acceded or assented to the said agreement, and Mr. Packer testified that before he agreed to enter the judgment, he told Clement he would only take it subject to the ratification of plaintiffs, and that he had no special authority from plaintiffs to take the judgment, and offered to return the papers, &c., which he refused.

The sureties offered by the defendant were not approved by the plaintiffs.

The court below charged the jury, "that, if they believed, from the evidence, that all the Philadelphia creditors of defendant had agreed to the terms of the composition of 24th August, 1848, and that the notes therein stipulated for, with 'approved security,' were given to defendant, or offered to his counsel, the plaintiffs were not entitled to recover. The legal definition of approved security is such security as ought to have been approved."

To which plaintiffs excepted.

*Miller*, for plaintiffs in error.—The agreement does not purport to be signed by all the creditors; and, unless signed by all, it was to be *null* and *void* by the condition expressed upon its face. But plaintiffs proved, by three creditors who came within the condition, that they had not released.

It was error in the Court to submit, as a question of fact, that of which there was no evidence: 8 *Harris* 351; 6 *Harris* 351. Defendant was bound to show performance of the condition before he could call upon plaintiffs to perform.

The judgment taken by Packer was not to be of any validity till approved by plaintiffs.

An accord must be fully executed to give it effect: 5 *Co.* 79 b; 2 *H. B.* 319; 1 *Taunt.* 526, Fitch v. Sutton; 5 *East* 230; 1 *Saund.* *Pl.* 29. So actual acceptance of the satisfaction must be shown: 1 *Ld. Raym.* 122; 2 *N. R.* 148; 3 *East* 251; and see 5 *J. R.* 66, 9 *Ib.* 350; 4 *Watts* 126, Spruneberger v. Dentler.

[Lower & Barron *v.* Clement.]

*Pleasants,* for defendant in error. Cited *Chit. on Cont.* 601, 4th ed., notes *f* and *j*; 4 *Barr* 514.

The question was one of fact, and the Court submitted it to the jury : 8 *Harris* 214.

The plaintiffs made themselves a party to the agreement by signing it; and as several other creditors signed it also, the presumption is that these were *all* the creditors designated ; and the defendant asserting the contrary, was bound to show it. The burden of proof was on him, and not on the plaintiff: *Chit. on Cont.* 601. The plaintiff attempted to make this proof, but failed, as the jury found. If he failed to satisfy the jury, he must take the consequences. But there was no proof that a single *Philadelphia creditor* did not agree to the arrangement. There was no proof that the persons who, it was in evidence, did not sign, came within the description as to locality, time, or fact; all of which were questions for the jury. Was the evidence on the part of the plaintiffs in error so certain, positive, and preponderating as to make it error in the Court to submit it to the jury ?

" Approved security is such security as should be approved :" 4 *Ser. & R.* 1 ; 2 *W. C. C. Rep.* 180 ; 1 *Whart. Dig.* 230, pl. 224. A special objection is a waiver to other objections, if not mentioned, as to payment tendered in money not specie ; and if the objection to the notes tendered was on the ground of insufficient security, and no other objection was made, this was a waiver of all other objections, and was so properly left to the jury : 1 *Raw.* 408 ; 5 *Watts* 509 ; 3 *Raw.* 400 ; 1 *Pa. Rep.* 454 ; 1 *Whart. Dig.* 223, pl. 158.

The opinion of the Court was delivered by

WOODWARD, J.—This was an action on promissory notes, the execution of which being admitted, the plaintiffs' case was made out, when they were put in evidence.

The defence was, that the plaintiffs had compounded with the defendant, and released him from liability on the notes in suit, in consideration of other notes with approved security, for fifty per cent. of the debt, at twelve and eighteen months, and his own note for twenty-five per cent. at five years. The defendant was a country merchant, having several Philadelphia creditors, and the instrument of release, dated August 24, 1848, was evidently drawn with a view of being signed by all those creditors. It stipulated, indeed, that all of the defendant's Philadelphia creditors should agree to the same, otherwise it was to stand null and void.

Now nothing can be more plain, than that a defendant seeking to defeat a clear legal liability under such an instrument, was bound to prove performance of every condition on which its effect was limited. It was for him to show, that the new securities mentioned in the release had been prepared and tendered, and that all

[Lower & Barron v. Clement.]

his Philadelphia creditors had assented to the composition.   Had the case been subjected to the severe logic of special pleading, it would have become manifest to the defendant himself that the burden of the proof was on him.   He would have had to plead the release, and to aver performance of its conditions, which are not alleged to have been in the release at all.   Without this material averment his plea would have been no defence whatever to the plaintiffs' action.   It would have carried its own condemnation on its face ; for the release by its terms was to be null and void, unless all the Philadelphia creditors assented to it.   Obliged therefore to allege their assent in order to give effect to the instrument, he would have been bound to prove what he alleged, for such is the general rule both of reason and law.   And the fact was peculiarly within his knowledge.   He knew who his Philadelphia creditors were—he knew them all ; and his books and bills, such as all merchants keep, would have proved them.   But neither of these creditors had any means of acquiring this knowledge.   It was his duty to make out his case in proof precisely as he would have spread it on the record, if he had been held to special pleading.   He was to prove the execution of the release by the plaintiffs, the tender of the notes therein mentioned, and the fact that all his Philadelphia creditors had assented thereto.

Of the execution of the release by the plaintiffs and some thirteen other creditors, and of the tender to the counsel of plaintiffs of notes, such as the instrument stipulated for, he gave evidence ; but of the assent of all of his Philadelphia creditors, he submitted not a particle of proof, nor did he attempt to show that the thirteen creditors were *all* of his Philadelphia creditors.   There was a total failure of the defence.   The release was null and void when the defendant rested his case.   The plaintiffs had never agreed to be bound by it, unless all the creditors assented to it, and the defendant had not shown who all his Philadelphia creditors were, nor that they had assented.   To give him the benefit of the release, in the absence of such proof, was to pervert it from the purpose plainly expressed on its face, to another and different purpose never contemplated by the parties.

But the plaintiffs gave evidence, by three Philadelphia creditors of the defendant, that they refused to sign the release, and did not assent to it.   Here, then, was a defence involving a fact indispensable to its completeness—a fact peculiarly and exclusively within the power of the defendant to prove, and which it was his legal duty to prove, in support of which he submitted not a tittle of evidence, but which the plaintiffs disproved by three unimpeached and uncontradicted witnesses ; and yet the Court submitted that fact to be found by the jury, and they found it.

Now, the law of new trials is not to be administered upon writs of error ; nor are we to be betrayed, even by a gross case, into an

[Lower & Barron *v.* Clement.]

attempt to correct the blunders of the jury box; but we think there was clear error in law on the part of the Court, in submitting a case so circumstanced to the speculations of the jury, especially when called on, as they were, by plaintiffs' first point, to say that under the evidence the plaintiffs were entitled to a verdict.    Times without number it has been ruled to be error to submit a question to the jury of which there was no evidence.    Was there any evidence here that all of the Philadelphia creditors had assented to the release ?    None.    The release imported only the assent of the signers, and not that they were all.    But it is said there was evidence on the point which the Court could not properly withdraw from the jury.    The answer is, that that evidence was all against the fact alleged; and if it be error to submit a fact with no evidence to support it, much more is it error to submit a fact to be found, where the only evidence touching it is directly against it. Disproof cannot stand for proof.    Suppose the merchant witnesses were not believed by the jury; their evidence then was set aside, and that left the case denuded of all proof on the point in question.    Even if the jury believed, in direct opposition to the oaths of these witnesses, that they did assent to the release, still there was no evidence that they and those who signed the release were all of the defendant's Philadelphia creditors. · That point was destitute of proof, and it was fatal to the defence, and the Court should so have ruled.

We see no objection to the definition which the Court gave of the expression " approved securities," and the question, whether those tendered were sufficient, was properly submitted to the jury; but we think the Court's unqualified affirmance of the defendant's second point was calculated to mislead the jury.    Packer's failing to urge any other objection to the notes, than the inadequacy of the security, was not a waiver of all other objections.    It was still open to his clients to allege that all of the Philadelphia creditors had not assented to the release.    But from the manner in which the point was put and answered, the jury might well infer that the Court considered the objection waived, and that, whether all the creditors had assented or not, the plaintiffs were bound by the release, if the securities tendered to Packer were such as ought to have been approved.    We repeat, that they were not bound without that universal assent stipulated in the release.

· The judgment is reversed, and a *venire de novo* awarded.

BLACK, J., and KNOX, J., dissent from so much of this opinion as holds that it was error to leave to the jury the question of fact, whether or not all the creditors had released.