## Brink, Appellant, *v.* Brady.

*Will—Probate—Issue devisavit vel non—Fraud.*

1. In issues devisavit vel non the sufficiency of the evidence is always for the court, and it is error to submit the question to the jury if the evidence be insufficient.

2. On the trial of an issue devisavit vel non where the only question was whether the alleged will was procured by trick, deception, fraud or duress, the proponent produced as a witness, the counsel who prepared the will, at the request of testator, and who retained it in his custody after its execution, also three other persons who identified the signatures of the subscribing witnesses, also three persons who identified the signature of the testator, and one person not a witness to the will, but who was present in the room when it was executed, and saw the testator sign his name and the two subscribing witnesses attest the same. The will in the handwriting of the scrivener was also produced. None of these facts were controverted, but it was sought to be shown by the contestant that the testator had been ill for several weeks before the date of the execution, and that this illness had continued for a period so long that he could not have been in the office of the scrivener when the will was prepared. No witness, however, could fix the exact date when the testator was able to leave his house, or when he did so. *Held*, that the evidence was insufficient to sustain a verdict against the will.

Argued Feb. 22, 1909.  Appeal, No. 265, Jan. T., 1908, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1908, No. 246, on verdict for plaintiff in case of Jennie E. Brink v. Selden G. Brady, William Brady and Jesse Brady. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Issue devisavit vel non.  Before STAPLES, P. J., specially presiding.

Verdict and judgment for defendant.  Plaintiff appealed.

*Error assigned* amongst others was in submitting the case to the jury.

*I. H. Burns* and *R. H. Holgate,* with them *William H. Roe,* for appellant, cited: South Side Trust Co. v. McGrew, 219 Pa. 606; Robinson v. Robinson, 203 Pa. 400.

*John P. Kelly* and *E. W. Thayer,* with them *Joseph O'Brien* and *William J. Fitzgerald,* for appellees.

OPINION BY MR. JUSTICE ELKIN, March 15, 1909:

This is a contest between the beneficiary named in the will of testator and other relatives who think they should have been the objects of his bounty.  The will was prepared at the request of the testator by a competent scrivener and was executed in due form in the presence of two subscribing witnesses.  When it was produced for probate, a caveat was filed by two nephews not named in the will protesting against its being probated by the register of wills.  The execution of the will was duly proven and no question was raised as to the signature of the testator, the issue being as to this testamentary capacity, undue influence and fraud, artifice or deceit in connection with the making of the instrument.  The testimony offered was not sufficient to sustain the allegation of testamentary incapacity, but certain disputable questions arose which it was deemed proper to have determined by the orphans' court and the proceedings were certified accordingly. After a prolonged hearing in that court, and before a final

disposition of the case demand was made by an heir at law of the decedent for an issue to be certified to the court of common pleas in order to have certain questions of fact determined by a jury. The issue certified contained two questions: (a) whether the execution of the alleged will was procured by trick, deception, imposition, duress or fraud practiced on the decedent; and (b) whether the execution of the alleged will was procured by the exercise of undue influence over the decedent. As the case then stood, the execution of the will had been duly proven, the testamentary capacity of the testator established, and only the questions of undue influence and of trick, artifice, duress and fraud remained to be determined by the jury. At the trial, the learned court below very properly held that the evidence was not sufficient to sustain the allegation of undue influence and a verdict was so directed. This eliminates everything from the case except the first question in the issue certified, and it must now be determined whether the evidence produced at the trial is sufficient to sustain the verdict returned by the jury. The affirmative of the issue was on the proponent of the will. She met the burden by producing, as witnesses, the counsel who prepared the will at the request of the testator and who retained it in his custody after its execution; by three other persons who identified the signatures of the subscribing witnesses; by three persons who identified the signature of the testator; by one person, not a witness to the will, but who was present in the room when it was executed and saw the testator sign his name and the two subscribing witnesses attest the same. The will in the handwriting of the scrivener who wrote it and signed by the testator who made it in the presence of witnesses who attested it, was then offered in evidence. This made out a strong prima facie case in favor of the plaintiff and placed upon the defendants the burden of establishing by sufficient testimony that the execution of the will was procured by trick, deception, artifice, imposition, duress or fraud practiced on the decedent. We have examined with care the testimony covering more than 500 pages of record without finding a witness who testified to a single fact directly

bearing upon the allegation. No one denies that the scrivener wrote the will as he testified, and it is conceded to be in his handwriting. No one says that the two subscribing witnesses did not attest the execution of the will or that the witness, Lisk, was not present and saw the testator and the subscribing witnesses sign their names. No one denies that after the execution of the will, it was left with the counsel who wrote it for safe-keeping and that it was produced by him for probate after the death of the testator. All of these facts were affirmatively established, and the will itself is the absolute confirmation of them. The testimony of the cloud of witnesses spoken of at the argument, does not directly controvert a single fact established by the positive evidence produced by the plaintiff, nor is it sufficient to sustain an inference, that the will was not executed in the manner proven. Much of this testimony relates to the question of undue influence, but this is no longer in the case. A large portion of it goes to the improbability of the testator being in the office of the scrivener the day he prepared the will. All of this evidence is negative in character, and in no instance does it approach the standard of clear, precise, indubitable proof required to overcome written instruments. By this testimony, it was attempted to be shown that because the testator, several weeks before he went to the office of the scrivener to have his will prepared, had been quite ill and that this illness had continued for an indefinite period, no witness undertaking to fix the exact date when the testator was able to leave his room, or when he did so, he could not possibly have been in Scranton, a short distance away, on the day the will was prepared. No witness testified to a single fact that made it impossible for the testator to be in the office of the scrivener on the day the will was written. It was an attempt to overcome facts established by witnesses who saw and heard with their own eyes and ears, by testimony coming from interested sources, the force and effect of which was that it could not be so because the testator had been confined to his room some weeks prior to that date and had not sufficiently recovered to go up to Scranton that day. Not one of these witnesses saw him in

his room any considerable part of that day, and most of them, no part of it, and they did not attempt to account for his whereabouts. On the other hand, a witness, called by plaintiff and not connected with the estate, positively testified that he saw testator in the office of the scrivener on the day mentioned and talked with him on the streets. There is no case in the books in which an instrument in writing solemnly executed with all the formalities of law has been set aside upon such flimsy, unsatisfactory and negative testimony. Clearly, the evidence was insufficient to sustain the allegation, and it was the duty of the court to so have instructed the jury. In cases of this character the sufficiency of the evidence is always for the court, and it is error to submit the question to the jury if the evidence be insufficient: Sartwell v. Wilcox, 20 Pa. 117; Lower v. Clement, 25 Pa. 63; Silveus v. Porter, 74 Pa. 448; Cauffman v. Long, 82 Pa. 72. To permit the judgment to stand under the facts of this case would be to substitute the guess of a jury for the solemn act of a testator having testamentary capacity and without any undue influence having been exercised over him.

Judgment reversed and issue set aside in order that the will may be admitted to probate.