## PIERCE & CAMPBELL vs. WHITLEY.

[BILL IN EQUITY FOR DISSOLUTION AND SETTLEMENT OF PARTNERSHIP.]

1. *What defenses may be set up in avoidance of partnership.*—After the defendants have, for several years, recognized the plaintiff as a co-partner, and received the benefit of his services in that capacity, it is too late for them to set up, in avoidance or denial of the partnership, either the non-payment by him of his share of the capital stock, or the non-execution of written articles of partnership.

APPEAL from the Chancery Court of Dallas.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 15th November, 1859, by George Whitley, against Thomas B. Pierce and Peter Campbell, asking the dissolution of an alleged partnership between the complainant and the defendants, and a settlement of the partnership accounts. The partnership between the parties, according to the allegations of the bill, commenced on the 1st June, 1855, and was to continue for the term of five years ; and the partnership business—that of a foundry and machine shop in Selma—was carried on by them until October, 1859, when the defendants excluded the complainant from the partnership, and refused to recognize him in future as a partner. The defendants filed a joint answer, in which they denied the existence of the alleged partnership, but admitted that, after the formation of the partnership between themselves, they had proposed to the complainant that he should become a co-partner with them, on paying one-third of the capital stock which they had invested in the purchase of a lot, and in the erection of necessary improvements thereon; but they alleged that the complainant never accepted their proposal, never paid in any portion of the capital stock, and refused to sign written articles of partnership when presented to him. On final hearing, on pleadings and proof, the chancellor held, that the evidence established the existence of the partnership, and its continuance until the 1st November, 1859; but that the defendants had sufficient cause to terminate it at that time, as they did, on account of the complainant's misconduct. He therefore decreed a dissolution as of that date, and ordered a reference to the master to state the accounts ; and his decree is now assigned as error by the defendants.

BYRD & MORGAN, for appellants.
J. R. JOHN, *contra.*

R. W. WALKER, J.—The question in this case is altogether one of fact, depending upon evidence which it would

be difficult, if not indeed impossible, to reconcile. Any-
thing like a minute discussion of this evidence would be
unprofitable, occupying much space, but settling no legal
principle, and establishing no precedent for the decision of
other cases. We therefore content ourselves with saying
that, after a careful consideration of the testimony, we
concur with the chancellor in thinking that the weight of
the evidence establishes the existence of a partnership
substantially as alleged by the complainant.

The argument, that the payment by the complainant of
his share of the capital stock was a condition precedent to
his becoming a partner, is not sustained by the evidence.
It is inconsistent with the frequent admissions of the de-
fendants, made long after the complainant became con-
nected with the business, that the latter was a member of
the firm. It is, in an especial manner, contradicted by the
testimony of Mr. Haralson, and by the written articles pre-
pared by him, which, though never signed, were yet, as he
states, drawn at the instance of, and in strict accordance
with directions received from all of the parties. These
articles distinctly show that the operations of the parties
" as partners" began in 1855; and while the complainant
was undoubtedly to be liable for an equal share of the
capital stock, the testimony of this witness, as well as other
evidence in the case, precludes the idea, that complainant's
payment of the same was considered as a condition prece-
dent to the vesting of his partnership rights.

Nor do we think that the parties designed that the ex-
istence of the partnership was to depend upon the execu-
tion of written articles of partnership. On the contrary,
he partnership is shown to have existed for nearly, if not
quite two years, before any effort was made to reduce its
terms to writing; and long after the attempt to do so had
been made, and had proved unsuccessful, we find the de-
fendants distinctly admitting the continuance of the part-
nership. The circumstances convince us that the parties
desired to have a written agreement, not as a means of
establishing a partnership which had not existed before,
but as furnishing a convenient memorial of the terms of
a partnership already formed and in operation. After

receiving the benefit of complainant's services as a partner, and recognizing him as such, for three or four years, it is too late for the defendants to set up either his non-pay-ment of his portion of the capital stock, or the non-execution of written articles of partnership, as proof that no partnership ever existed.—See *Stein v. Robertson*, 30 Ala. 286; *Fogg & Vanderslice v. Johnston*, 27 *ib.* 432.

The appellants have not brought to our attention any error of which they can complain; and the decree must, therefore, be affirmed.