## HARTMAN vs. WOEHR AND STEGMULLER.

1. A part of the partners cannot exclude from the partnership one of their number who has failed to pay in part of the amount which he agreed to contribute as his share of the capital; but if part of his capital has been paid in, accepted, and used, and the business has been commenced in the name of the firm, he is a partner until the partnership is legally dissolved.

2. A partner excluded from the business of the firm by the illegal acts of his co-partners, is entitled to an account of profits, and to his share of them, until the partnership is legally dissolved; and is entitled to a decree of dissolution, on the ground of such illegal exclusion from the business.

*Mr. Keasbey*, for complainant.

*Mr. T. Runyon*, for defendants.

THE CHANCELLOR.

The complainant, Hartman, alleges that he entered into partnership with the defendants, Woehr and Stegmuller, in the business of brewing lager beer; that shortly after the business was commenced, they ejected him from the concern, and refused to allow him to inspect the books, or to take any part in conducting the business. He prays for a dissolution of the partnership, for an account of the profits, and that his share of the partnership property and profits may be paid over to him.

The defendants deny that there was any partnership, or that he has any right to a share of profits. They admit that they made an agreement to enter into partnership with him, but insist that the agreement was conditioned upon his put-

ting into the concern $10,000; that he never put in that amount, but only a part of it, and that, therefore, he was never a partner with them; and that the business carried on by them is on their own account, and that he is entitled to no share of it.

The complainant owned some lots in the city of Newark, well situated for manufacturing lager beer. He commenced his buildings, and after they were partly built, took the defendant, Woehr, in partnership with him, to complete the buildings and carry on the business. They were to contribute equally to the capital, and to share equally in the profits. The complainant conveyed to Woehr one undivided half of the lots. After some further progress in the buildings, on the twenty-third of October, 1865, they agreed to take the defendant, Stegmuller, in partnership with them. He was to be an equal partner, to contribute one third of the capital, and to have one third of the profits. The capital to be paid in, was $30,000, of which $10,000 was to be contributed by each partner.

Hartman and Woehr, by a deed dated October twenty-third, 1865, conveyed to Stegmuller one third of the lands and buildings. The value of Hartman's interest in this, was $5667, as fixed and agreed between the parties, and was received as payment of so much, on account of his $10,000; no more was paid by him. The other partners contributed their shares by payments made as they were required for finishing the building and commencing the business; each of them paid up in excess of his share; Stegmuller paid in over $17,000, and Woehr over $14,000. Articles of partnership were drawn between them, and submitted to them on the twenty-fifth of October, 1865, but they were never signed. Hartman and Stegmuller objected to an allowance contained in them, of $500 yearly, to Woehr, as the brewer of the concern. In other respects, it is admitted by all the parties that they contained the true agreement between them, and but for this, would have been signed. But notwithstanding the articles were not signed, they went on, the property was

conveyed, the building was finished, and in January, 1866, the manufacture of beer was commenced, all parties operating together; a firm name was adopted and painted on their wagon; money was raised to carry on the manufacture, by notes drawn in the name of Stegmuller, Woehr, and Hartman, the adopted name of the firm. On the thirty-first day of January, 1866, Woehr and Stegmuller inserted a notice in a public newspaper that the brewery was carried on by them, and that they would pay no debts of John Hartman. Shortly after this, they denied his right or interest in the firm as a partner, and excluded him from the premises, and from the management of the business and property.

They deny that he is, or ever was, a partner, on the ground that he has never complied with the partnership agreement, by paying up his share of the capital. The position taken on their part is, that until that is paid up, he is not admitted as a partner. But this agreement was for a partnership to commence immediately, and to continue for five years. The partners each agreed to pay in $10,000 of the capital, but it was not a condition precedent. The complainant, by his deed, paid up at the time of the agreement, $5667 of his share; and the defendants accepted it, and used, and continue to use, the property in the partnership business. Neither of them paid up his share at that time, but at intervals of weeks or months afterwards. But the business of the partnership—the erecting of the brewery, and manufacture of beer—went on; each contributed some capital and labor. The existence of a partnership does not depend upon the fact that each partner has, in all things, complied with his agreement. If the contract has been made, property and labor contributed, and the partnership business commenced or carried on to any extent, there is a partnership. In this case, Hartman put in his property, which was taken, and is still used for the business of the firm; he and his property are liable to all the debts of the firm, not only to the notes given in his name, but to all debts incurred, both before and since the thirty-first of January, 1866; and if the firm is

unfortunate and fails, he may be stripped of every dollar he is worth. The defendants had a remedy if he did not comply with his engagement; they could have asked for a dissolution, and paid him back the amount he put in, and formed a new partnership. But under this agreement, he was a partner for five years, unless the partnership was sooner dissolved.

It was not dissolved by the advertisement of January thirty-first, or by excluding him from the management of the concern. These may constitute a good cause for dissolution; and as he has prayed for it, and the defendants deny his interest and refuse to admit him as a partner, the dissolution must be decreed.

Hartman, being a partner, is entitled to an account of the profits. Even where the partnership has been legally dissolved, and one of two partners continues to carry on the business, unlawfully using the property of the other in it, the retiring partner is, at his option, entitled to his share of the profits made while his property is thus used; this is settled by a series of well considered cases. See *Story on Partnership,* § 343; *Collyer on Partnership,* § 324. This account must be made, with such allowance for the services of the partners who have carried on the business as, under the articles of partnership, is just; and also with allowance of interest for the amount furnished by them in excess of their share of the capital; and the complainant must be charged with interest on the share of the capital to be furnished by him, that was not paid in