The complaint, containing, the written contract entered into between the parties, is as follows:
Plaintiffs allege:
1. That on 16 December, 1904, plaintiffs and J. H. Howard A. Lyon entered into a contract of copartnership in the words and fig as follows:
Articles of agreement entered into this 16 December, 1904, at Durham, N.C. by and between A. Lyon, J. H. Howard, W. R. Kuker, and A. P. Gilbert: Witnesseth, that the said parties, for the consideration and the purposes hereinafter recited, have this day entered into a copartnership under the name and style of Howard Automatic Cigarette Wrapping and Packing Machine. The object of the copartnership is to secure from the United States Government letters patent to be (310) issued to the above named copartnership granting to them the sole privilege to make, use, sell, or otherwise dispose of a certain device to be called and to be used as an automatic cigarette wrapping and packing machine, and this copartnership shall likewise embrace the right to secure letters patent in any foreign country.
It is further understood and agreed by and between the parties he that W. R. Kuker and A. P. Gilbert will without delay construct erect at the Durham Iron Works Company, Durham, N.C. without or expense to the other partners, one complete automatic cigarette ping and packing machine, and that the said J. H. Howard shall render to them, when called upon, his friendly assistance in the construction the same and in experimenting with the same. The said W. R. Kuker and A. P. Gilbert likewise agree and bind themselves as a part he: that they will advance from time to time, when necessary, an amount exceeding $300, to be used for the sole purpose of securing such let patent upon said machine in the United States. They do not agree to advance any sum over and above said amount, and no greater sum than is demanded for said purpose shall be required of them. On account of amounts heretofore advanced, the said A. Lyon is to receive his interest in the said copartnership, as is hereinafter set out.
In the event of securing the said patent the said copartnership shall thereafter enter into such agreements, as a majority in interest shall wish, to manufacture and sell said machines or to sell the patent right within a restricted territory or to dispose of the machine through manufacturers, retaining a royalty upon each machine sold.
It is, however, expressly understood and agreed between all the par *Page 231 
hereto that no one of the partners shall sell his interest in said patent without first offering his said interest to each and all his copartners and without giving them ten days time within which to accept or reject such offer.
In consideration of the foregoing, the said J. H. Howard is (311) hereby declared to be the owner of 35 per cent of the said patent, the said A. Lyon the owner of 25 per cent thereof, the said W. R. Kuker the owner of 20 per cent thereof, and the said A. P. Gilbert the owner of 20 per cent thereof; and all moneys derived from the sale or manufacture of said machine or from the sale of any right to make, use, or enjoy said machine, either directly or indirectly, and also any and all royalties, rentals, or returns of whatever kind which shall be realized therefrom shall be divided between said parties in the proportion above set out.
It is further understood and agreed that this copartnership is of indefinite duration and that the same shall be dissolved in the following manner: First, if no patent is granted to the said copartnership, or if the manufacture or sale of the said machine shall be in violation of existent patent laws and rights, and worthless, the said copartnership shall be immediately dissolved. Second, in case of the issue of a patent to the said copartnership by the United States Government, if any of the partners shall be dissatisfied with the copartnership and shall desire to withdraw from the same, he shall give notice in writing to the other partners of his intention to withdraw from the said copartnership, and he shall in such notice name a price which he will either give or take for the several interests mentioned in the agreement.
Witness our hands and seals, this the day and date above written.
 J. H. HOWARD, [SEAL] A. LYON, [SEAL] W. R. KUKER, [SEAL] A. P. GILBERT. [SEAL]
2. That immediately thereafter W. R. Kuker and A. P. Gilbert advanced to the said copartnership, under said agreement, in order to secure a patent and to pay the expenses of J. H. Howard on trips to Washington and New York, the sum of $300, and that they likewise immediately expended under said contract in constructing a machine the sum of not less than $150, and would have constructed same at once but for the changes made in the application by the patent (312) examiner.
3. That at said time plaintiffs were operating a machine shop and foundry in Durham, N.C. and the defendant Howard made application *Page 232 
to the Patent Office for a patent for a cigarette machine, and he and Lyon entered into a copartnership, which now exists, in order to said means to pay the costs of said patent and to get a model when the get patent was granted, and to have the benefit of plaintiffs' business experience in handling same, and that it was well understood and agreed that plaintiffs should construct such model without delay. The plaintiff at once set about the task of making said machine, but the patent examiners cited interferences which made radical changes in the application, and it was impossible to make a machine until it was known exactly what kind of machine was required. That plaintiffs were then and are now and have been at all times willing, ready, and able to construct said machine as provided in said contract, and that they have fully complied with the terms of said contract.
4. That plaintiffs are informed and believe, and therefore allege, that said Howard and Lyon have sold the device mentioned in said contract to the American Tobacco Company for the sum of $6,000, which said sum they have received, but have unlawfully and willfully appropriated and converted it to their own use and have refused to pay the plaintiffs their proportionate part of the same, and that said W. R. Kuker is entitled to 20 per cent thereof and the said A. P. Gilbert to 20 per cent thereof.
5. That said Howard and Lyon have proceeded very secretly in connection with the sale, disposal, and conversion of said device, and they the said plaintiffs, received no information from either of said parties as to said sale until after it had been reported to them by another party.
6. That the manufacture and sale of the cigarette machine (313) question is not in violation of existing patent laws and rights that the same is a valuable asset, and that, while no patent been granted, no patent has been refused; that the application for a patent is pending in the Patent Department at Washington and will shortly be granted.
7. That it would have been granted previous to this time but for interference of the American Tobacco Company, who were interested in thwarting the issue of a patent and who have since bought said device.
8. That the Patent Department does not permit a model to be shown to them before granting a patent, and that no model was necessary or could be used in said department for that purpose.
9. That since this action has been instituted the defendants Lyon Howard have given a bond, which has been approved by the clerk of court, to pay to the plaintiffs whatever sum shall finally be recovered this action against said defendants.
10. That before this action the plaintiffs made demand upon *Page 233 
defendants Howard and Lyon for their part of the assets; but that said Howard and Lyon refused to pay to them their part of said assets and tendered them the sum of $300, which they refused to accept.
Wherefore plaintiffs pray judgment against the defendants for 40/100 of $6,000, to wit, $2,400, together with interest upon the same from the date of said sale, to wit, . . February, 1907, and the costs of this action, and for other and further relief.
Demurrer by defendants to this complaint having been duly entered, the same was sustained and the action was dismissed. Plaintiffs excepted and appealed.
After stating the facts: The Court is of opinion that by the (314) contract, set out in full in the complaint, a partnership was created between the parties as an executed agreement and that the stipulation in the second clause of said contract, by which the plaintiffs were to erect and construct a machine and make certain advancements, was not in the nature of a condition precedent or concurrent, but an obligation for the breach of which, if not properly explained, the plaintiffs could be held responsible, either as an item of charge in taking a partnership account or by way of counterclaim to an action brought by themselves, as the defendants may be advised.
This construction, we think, finds support in numerous and well considered decisions. Hartman v. Waehr, 18 N.J. Eq., 383; Pierce v.Whitney, 39 Ala. 172; White Lead Co. v. Hans, 73 Iowa 399; Wadsworth v.Manning, 4 Md. 59; Cogswell v. Wilson, 11 Ore., 371. In the New Jersey case, supra, it is held:
"1. A part of the partners cannot exclude from the partnership one of their number who has failed to pay in part of the amount which he agreed to contribute as his share of the capital; but if part of his capital has been paid in, accepted and used, and the business has been commenced in the name of the firm, he is a partner until the partnership is legally dissolved.
"2. A partner excluded from the business of the firm by the illegal acts of his copartners is entitled to an account of profits and to his share of them until the partnership is legally dissolved, and is entitled to a decree of dissolution on the ground of such illegal exclusion from the business."
The partnership, then, having been established. and being one for a definite purpose and creating an interest in the device itself, could not be terminated at the will of either; and if defendants, without just cause *Page 234 
and lawful excuse and in breach of the partnership agreement as charge in the complaint, have disposed of the device and received therefor a large sum of money, for which they refuse to account, there would (315) be a wrong done plaintiffs, for which, as the facts now appear action would lie. Kavick v. Hannaman, 168 U.S. 328; Pearcev. Ham, 113 U.S. 585; Bagley v. Smith, 10 N.Y. 489; Dart v. Lbeer, 107 N.Y. 664; 22 A. and E., 205. In this last citation it is a "A partnership for the accomplishment of certain definite objects, not expressly specifying ally time for its continuance, is not a part ship at will within the meaning of the rule just stated, but is to regarded as a partnership to continue until its purpose is accomplished or the impracticability thereof is demonstrated."
We are of Opinion that the defendants should be required to answer and that the judgment sustaining the demurrer should be
Reversed.
 Cited: Gilbert v. Howard, 150 N.C. 790.