## STEIN *vs.* ROBERTSON.

[BILL IN EQUITY TO ESTABLISH COPARTNERSHIP INTEREST OR RESULTING TRUST.]

1. *Repugnancy in bill.*—A bill filed with a double aspect, seeking to establish for an infant complainant either a partnership interest in certain water-works, under a contract made by his father for his benefit, or a resulting trust on account of the investment of his money in said water-works by his father as guardian, is not obnoxious to the charge of repugnancy.

2. *Presumed equality of partners.*—A partnership is presumed to be one of equality among the partners, in the absence of proof of any stipulation to the contrary.

3. *Partner's right to repudiate contract on account of copartner's violation.*—The failure of one partner to furnish as much money for partnership purposes as he had agreed to furnish, does not give his copartner a right to repudiate the contract, when called upon to carry it out, after having accepted and used the money actually furnished.

4. *Competency of guardian as witness for ward.*—A guardian, who has invested his ward's funds in a partnership, is not a competent witness for the ward, when the latter seeks, while still an infant, to enforce the partnership for his benefit.

5. *What defenses may be set up in avoidance of partnership.*—Where a father invests his own funds and personal services, or the funds of his children in his hands as guardian, arising from an unauthorized sale of their property, in a partnership for their benefit; and the children afterwards seek to enforce the partnership in equity,—the other partner cannot avail himself of these facts to avoid the contract,

Stein v. Robertson.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. WADE KEYES.

THIS bill was filed by Judah Touro Robertson, an infant suing by his next friend, against Albert Stein, Wm. H. Robertson, and others; seeking to establish an equitable partnership with said Stein in the city water-works of Mobile, under a contract made with said Stein by said Wm. H. Robertson, who is complainant's father; or a resulting trust in said water-works, on account of certain money therein invested by said Robertson, out of funds in his hands as complainant's guardian. All the material facts of the case, and the legal questions arising out of those facts, will be readily understood from the opinion of the court and the briefs of counsel. The chancellor rendered a decree in favor of the complainant, which is now assigned as error.

JONES & LOMAX, for appellant.—1. The bill is uncertain, vague, and contradictory. The claim is made to rest, at one time, solely on the ground that the complainant's money, derived from the sale of his real estate, was invested by his guardian; at another, that the investment was made by Robertson, for the benefit of his wife and children.—Story's Equity Pleadings, §§ 241, 245; 1 Dan. Ch. Pl. 424; Bryant v. Peters, 3 Ala. 160. The allegations can support no title derived from the devise by Mrs. Deshon. It is not averred that the guardian had any power to sell, or that the property was conveyed to him as the will directed. There is no averment from which it can be inferred that the infant's title to this property has been affected. He has not made, nor could he make, an election.—Lewen on Trusts, 677, 388. If he chooses to resort to the courts of law, now, or after attaining his majority, there is nothing to prevent him from recovering the property and back rents. The intimation of an interest derived through his mother, is inconsistent with the other averment of the bill, "that the money received and invested by Robertson was solely the property of the children, derived from the sale of their real estate;" and were

it not so, there is no averment that the investment by or on account of Mrs. Robertson was of her separate estate, and in no other way could complainant derive title through her.

2. There is a fatal variance between the allegations and proof. If the bill makes any case, it is this : that complainant's money, derived from the sale of real estate devised to him and his brothers by Mrs. Deshon, was invested by his father and guardian in the Mobile waterworks. To establish this trust, complainant must show clearly that Robertson made the investment with trust funds.—2 Story's Equity, 625, n. 2. There is no evidence showing that more than $6,600, the amount admitted by Stein, was advanced by Robertson; and none of this was paid after 1842. The account appended to Robertson's deposition, giving the dates of his advances to Stein, shows that all such advances were made between the 10th November, 1840, and the 2d September, 1841; and the reservoir lot, charged in the account, without date, at $2,600, is proved by several witnesses to have been purchased in 1841. The time of Mrs. Deshon's death is not proved; but her will, dated October 29, 1841, was admitted to probate on the 6th May, 1843, and Robertson was appointed guardian on the 13th June following. It thus appears, conclusively, that the money advanced by Robertson was not derived from the source alleged in the bill. That this variance is fatal, see Story's Equity Pleadings, § 257; Flake & Freeman v. Day & Co., 22 Ala. 132; Paulding v. Lee & Ivey, 20 Ala. 753; McKinley v. Irvine, 13 Ala. 681; Clements v. Kellogg, 1 Ala. 330; 1 U. S. Eq. Digest, 457, §§ 664–71. To suppose that the advances by Robertson were made on the faith of the devise by Mrs. Deshon, and in contemplation of it, is at variance with the positive statement in his desposition, that this property was sold at a great sacrifice to meet the demands of Stein.

3. That Robertson took an interest in the works, and advanced money and materials in their construction, is undoubtedly true; and the motive for it is apparent. He had become bankrupt, and, as he says, saw nothing but ruin around; and under the necessity of giving up all

Stein v. Robertson.

his property to his creditors, he looked for some enter-
prise that would provide for his family.   There is certainly
no proof that the funds invested belonged to Mrs. Robert-
son or her children ; and if they belonged to Robertson
himself, and were thus diverted from his creditors, equity
will not lend its assistance to carry out the fraud.   Com-
plainant can only recover on the strength of his own title ;
and defendant, though having no title himself, may well
refuse to account with him.

4. The deposition of Robertson ought to have been
suppressed.   He has a direct interest, from which his
bankruptcy does not relieve him ; and the record in this
suit would be evidence for him, in a subsequent action
against him by the complainant.—1 Greenl. Ev. §§ 390–97.

5. The deposition of Gerhard ought to have been sup-
pressed, because all his knowledge of the matters in
controversy was derived from confidential communications
to him.—1 Greenl. Ev. §§ 236–40, 243 ; 1 Phil. Ev. 140.

P. HAMILTON, and R. H. SMITH, *contra*.—1. The bill, when
its allegations are examined in the light of the principles
applicable to such cases, is not obnoxious to the objections
urged against it.   It does not pretend to give an accurate
history of the case, nor to state the dates of the several
occurrences, or the order of their occurrence : it only
states the prominent facts, alleges that the books and
papers are in the hands of Stein, and calls for a discovery
and account.   The plaintiff's title is consistently made to
appear.   The alleged sources from which the money invest-
ed was derived, are, 1st, advances by Robertson ; 2d, funds
derived from the property of his children ; and, 3d, loans
from his friends.   It was competent for Robertson, if he
had been able, to advance the whole of the necessary
funds; or to have increased, from his own funds, the
portion which the means of his children would have pro-
cured.   The plaintiff's title is made to rest on the
contract by which Robertson became interested with
Stein, and the fact that his interest was intended for the
benefit of his wife and children, of whom plaintiff is the
sole survivor.   Testing the bill by the rules of equity

pleading, which are always liberally construed in favor of an infant complainant, a clear, substantial, and consistent case for equitable relief is presented.—3 A. K. Mar. 474; 1 McMullan's Equity R. 317; 3 Randolph, 263; 2 Vesey, 243; 1 Yerger, 97; 7 Yerger, 37; Mitf. Eq. Pl. 47.

2. The alleged discrepancy between the allegations and proof, is immaterial. If the plaintiff's title depends on the contract between Robertson and Stein, the other allegations of the bill may be rejected as mere surplusage. That contract gives him a standing in court, independent of the sources from which the money invested was drawn. Montgomery v. Givhan, 24 Ala. 568; Chapman v. Hamilton, 19 Ala. 121; Gilchrist v. Gilmer, 9 Ala. 985; 4 Blackf. 96; Russell, 359.

3. The pleadings and proof establish a clear case for equitable relief. The defendant's answer is contradicted in every material particular, and is entitled to no weight as evidence.—20 Ala. 681. It does not lie in Stein's mouth, after receiving money under the contract in trust for Robertson's wife and children, to set up the claims of Robertson's creditors.—9 Pick. 93; 1 Blackf. 262; 1 Root, 181; 1 Ohio, 220.

4. It is admitted that the chancellor's decree is erroneous, in awarding to the complainant an interest of one third, instead of an equal interest with Stein after deducting the interest allowed to Richards; but this error can be here corrected.—Bank of St. Marys v. St. John, Powers & Co., 25 Ala. 625.

5. The objection to Gerhard's deposition was properly overruled. Being the mutual adviser of both parties, his evidence falls within an exception to the general rule respecting confidential communications.—8 C. & P. 596; 5 M. & G. 271; 1 Mood. & Rob. 228; 5 Eng. Law & Eq. R. 217; 8 ib. 89; Parish v. Gates, 29 Ala. 254. Besides, the objection came too late.

6. Robertson was a competent witness for the plaintiff. His liability for the use of the trust funds cannot be affected by the result of this suit. He cannot elect for the complainant, but remains liable to him, whether the latter recovers here or not. Being examined as a witness,

no decree can be here rendered against him.—Fulton Bank v. Canal Co., 4 Paige, 127.

WALKER, J.—The leading object of the bill in this case is, to establish for the infant complainant, Judah Touro Robertson, an equitable partnership interest with Albert Stein in the Mobile water-works; and, if this object fail, to establish for the same complainant a resulting trust in certain funds invested by his father in those works. The following propositions are condensed from the bill: 1. There was a contract between Wm. H. Robertson, the father of complainant, and Stein, that the former, for the benefit of his wife and children, should have an interest of one half in the water-works, and that that interest should be declared after the completion of the works. 2. That afterwards one Richards was admitted into the partnership, and thereupon the interest of Robertson's wife and children was reduced to one third, being equal to the interest of Stein. 3. That upon a settlement between one Colwell, for himself and as the executor of Richards, and Stein, the former in his individual and representative capacity was allowed an interest of $37\frac{1}{2}$-100; and after that the wife and children of Robertson were, in equity and good conscience, entitled to, and now claim, one half the remainder interest. 4. That all the money advanced by Robertson to the concern, amounting to about ten thousand dollars, was derived from the sale of the property of his children.

The two aspects of the bill,—one looking to a recovery upon a contract for the benefit of Robertson's wife and children, and the other to the enforcement of a trust implied from the advancement of money now belonging to the complainant,—are not repugnant; nor is there any inconsistency between the existence of the contract, and the fact that the money was paid as alleged in the bill. The bill is, therefore, not objectionable for repugnancy.

The other objections made to the bill, apply also to the proof, and will be considered when we come to discuss the testimony.

The first, and most important question in the case, is,

whether the averment in the bill as to a contract between Stein and Robertson, for the benefit of the wife and children, is proved. In determining that question, it is necessary to look at the answer of Stein. We find a flat denial that Robertson's wife and children were understood by Stein to be entitled to any interest, or that they were even named by Robertson to him in connection with an interest in the water-works. But the answer says, "Robertson promised that he would, from the ample means that he had for that purpose, furnish the funds necessary to carry on the work to completion; and the defendant, relying upon such assurances and promises of said Robertson, consented to make the proposed contract, and to associate Robertson with him in the enterprise, provided the said Robertson would furnish the means necessary to the accomplishment of the work as he had promised." That Stein did not intend, in the above quotation from his answer, to assert that the furnishing of the means necessary to the accomplishment of the work was a condition precedent to his having a partnership interest, is clear from the fact, that from the very nature of the enterprise the supply of means must be distributed through the progress of the work; and from the other assertions of the answer, that Stein accepted from Robertson a sum which amounted to $8,000 on the 1st November, 1843, and that he regarded Robertson as entitled to take an interest proportionate to the sum thus received from him. It may, therefore, be taken in the further progress of this argument as a fixed fact, that there was a contract with Stein by Robertson for a partnership interest. This partnership, in the absence of any contrary stipulation, must be deemed one of equality. Such would undoubtedly be the effect of the contract.

It may be conceded, that Robertson did not fully comply with the contract on his part, by furnishing as much money as he agreed to furnish; and yet it would not follow, that Stein had a right to repudiate him as a partner. He has gone on, and, as he virtually admits, accepted money from Robertson, under the contract; and he freely availed himself, as the testimony shows, of the

influence, financial skill, and services of Robertson, in
the procurement of the funds required in the prosecution
of the work.    There are cases in which a partner may
dissolve the partnership; and there are cases in which he
may sue upon the articles of copartnership, at law, for the
recovery of damages; and there are, also, cases in which
he may file a bill, to compel the performance of copart-
nership articles, when the terms of the copartnership have
been violated by the other partner; but it cannot be
tolerated that one partner, after accepting the money and
services of another, shall, when called upon to carry out
the partnership, be heard to deny that any joint interest
ever existed, because all the stipulations of the contract of
partnership have not been complied with.—Fogg & Van-
derslice v. Johnston, 27 Ala. 432.

Having attained the conclusion that there was an agree-
ment of copartnership, we must now inquire whether that
agreement was made with Robertson for the benefit of his
wife and children.    In conducting this inquiry, we ex-
clude from our consideration the deposition of Robertson,
because we deem him incompetent from interest; and the
deposition of Gerhard, because the objections to it raise
several difficult questions, the decision of which would
prolong and probably confuse this opinion, and its admis-
sion or rejection would not affect the conclusion which we
attain.    Robertson is directly interested for the complain-
ant.    A decree in this case, for the complainant, would
be evidence for him, in a suit by the complainant to
charge him with the money received by him as guardian.
If it be conceded that an infant cannot bind himself by
an election, and that therefore he would not be precluded
by taking in this case the benefit of the unauthorized in-
vestment of his money from proceeding against his
guardian hereafter,—it will not follow, that Robertson is a
competent witness; because, if to a suit by the infant, to
charge Robertson, the latter should plead the recovery in
this case, the court would at least require him to do
equity, by restoring the benefit of the investment estab-
lished in his favor by the decree in this case, before it
would give him any relief.

We have carefully examined the depositions of Wilson, Auze, Murrell, Gibbons, Colwell and Aymar; and we conclude that they establish the proposition, that the Robertson interest was, by the understanding and agreement of Stein, for the benefit of Robertson's wife and children. We regard the answer as a virtual admission that the Robertson interest, to whomsoever it belonged, was equal with Stein's. Some of the witnesses, speaking from settlements and declarations of Stein, made in the absence of any person representing or interested in the Robertson interest, seem to characterize that interest as proportionate in its amount to the sum advanced; but we think the distinct statement of other witnesses, to the effect that the interest was equal with Stein's, fortified by what we deem the correct construction of the answer, ought to control our decision on that point. We admit that the testimony is not harmonious upon the point, whether the interest belonged to Mrs. Robertson, or to her and her children. Conversations that are evidence against Stein, are proved by the different witnesses, in some of which the interest was spoken of as belonging to Mrs. Robertson, in others as belonging to Robertson's family, in others as belonging to Robertson's wife and children, and in others as belonging to his children. We think that this testimony is reconciled, upon the hypothesis, that the interest belonged to the wife and children, and was sometimes spoken of, in conversations where great precision was not sought, as the wife's or children's; and in our judgment, the weight of evidence is in favor of the proposition, that the interest was for Mrs. Robertson and her children.

It is said, that the money of the children of Robertson was derived from an unauthorized and therefore illegal sale of their property. If this be so, will it avail the defendant in this case? It may show that the infant complainant would have a right to assert his title to the property sold; but that could not affect Stein. The purchaser could only go on Robertson for reimbursement. He could not go on Stein, one of the partners in the adventure into which the money was carried by Robertson.

So that, if the right of the infant complainant to avoid the sale by Robertson, notwithstanding the recovery in this case, be conceded, it cannot harm Stein; and therefore no argument available to Stein can be drawn from the existence of that right.

But then it is objected by the defendant, that the money invested in the adventure did not really belong to the children of Robertson, as is proved by the fact that the investment was made before their money could have been received. It is also objected, that no money at all was invested which belonged to Mrs. Robertson; and this objection applies alike to the bill and the proof. It will not be denied, that it is permissible for a man to invest money of his own in a copartnership, for the benefit of his wife and children, by contract with the copartners; and the beneficial interest would be in the wife and children, as against all the world except existing creditors.—Collyer on Partnership, § 13; Story on Partnership, § 70. The contribution to the partnership by Robertson was not alone of money, but also of services which the proof shows were valuable. Then, if it were true that the entire contribution of Robertson to the partnership was of his own money and his personal services, that would be no reason why Stein should be permitted to repudiate the beneficial interest of Robertson's wife and children, growing out of a partnership agreement with him. If the right of recovery here depended upon the establishment of a resulting trust, it would be indispensable to prove the ownership of the money invested to have been in the complainant, or in him and those from whom he might derive it; but the decree is, we think, maintainable upon the contract of Robertson with Stein.

It can make no possible difference, that the funds invested by Robertson were his own, except so far as that fact, in connection with his bankruptcy, might conduce to show that the benefit provided for his wife and children in the contract with Stein was the result of an arrangement to defraud the creditors of Robertson. We do not stop to inquire whether, in this case, the defendant could, under his answer, avail himself of the defense,

that the purpose of the contract was to defraud Robertson's creditors, or whether the defense is one that he could set up under an appropriate answer. See, however, Brantley v. West, 27 Ala. 542. The creditors of Robertson had no right to command an appropriation of his personal services; and his gratuitous bestowal of them for the advancement of the separate interest of his wife and children gives his creditors no claim on the interest thus promoted.—Hoot v. Sorrelle, 11 Ala. 386. The evidence in this case cannot establish that the trust provided for Mrs. Robertson and children was simply a scheme to defraud Robertson's creditors, if the money invested by him belonged to his children. In determining whether it did or not, it must be observed, that Stein's answer is not such as to impose upon the complainant the *onus* of making out his case in this particular by two witnesses, or one with corroborating circumstances. Wilson says in his deposition, that he learned from conversations with Robertson and Stein, that Robertson invested funds derived from Connecticut belonging to his children; that he, as the clerk of Robertson, furnished goods and money to Stein; that in '40 and '41 he was Robertson's book-keeper, and familiar with his affairs; and that he knows, of his own knowledge, that the advances made by him for the works were made from sources not his own, and with which his creditors had no concern; and that he looked to Mrs. Robertson's interest for payment for the goods furnished to Stein. It is possible that this witness speaks with too much confidence of the extent of his personal knowledge, that the funds were derived from sources not Robertson's own. But we know that one's intimacy with the affairs of another may be such as to enable him to speak with some degree of assurance, as to whether certain money was derived from that other's own sources; and then this witness is not contradicted, and his statement accords with the declarations of Stein which are proved. The testimony of this witness is corroborated by the deposition of Auze, who proves Stein's declaration that he would not settle with Robertson, because the interest belonged to his children. It also seems from the

depositions of Aymar, and Gibbons, and Palmer, and Colvin, that the money advanced by Robertson was, in settlements and statements made by Stein himself, set down in the name of B. Aymar, who appears to have been chosen to be a trustee for Robertson's wife and children. The fact that Stein himself, who had no interest in assisting to defraud Robertson's creditors, denied the interest of Robertson, and asserted that of his children, and set down the interest in favor of one representing the wife and children, is persuasive to show that the funds advanced were not the private property of Robertson, and thus contributes to sustain the testimony of Wilson. The fact relied upon for the defendant, that Robertson did not qualify as guardian, and consequently could not have received the money of his children, till after the advancement was made, is reconcilable upon the hypothesis, that the money was procured from others, or advanced by Robertson, in anticipation of that fund, and replaced by it when received. In our opinion, the proof against Stein is sufficient to negative the position that Robertson's own funds were invested in the concern; and that therefore the proof does not show that the interest asserted by the complainant grew out of a fraudulent contract.

The decree of the chancellor is erroneous, in allowing the complainant an interest of one-third. The interest to which the complainant is entitled, is 31¼-100; and Stein is entitled to an interest for the same amount.

We understand the chancellor's decree to authorize the registrar, in taking the account, to credit the complainant with sums of money advanced as a loan by other persons in their behalf, which have been repaid by Stein. This is also erroneous. The complainant is entitled to no other credit than for the amount actually advanced to the concern by his father, for Mrs. Robertson and her children, and his proportionate share of the profits.

The chancellor's decree must be here reversed, and a decree rendered, such as, in our opinion, ought to have been rendered in the court below; and this court doth therefore decree as follows: It is ordered, adjudged, and decreed, that the complainant, Judah Touro Robertson,

20

be, and he is hereby, invested with an equal interest with Albert Stein in the Mobile water-works, the same being 31¼-100 of the whole; that it be, and is hereby, referred to the registrar of the chancery court held at Mobile, to take and state an account between said Judah Touro Robertson and said Stein, as equal partners, each having an interest of the amount above stated; that in taking said account, the registrar shall credit the complainant with the money advanced for his mother and her children by Wm. H. Robertson, and his proportionate share of the profits, and shall credit the said Albert Stein with an annual salary of four thousand dollars, chargeable against all the interests in the concern, and with all other just credits to which he may be entitled, and shall allow the respective parties interest on sums advanced and paid out by them on account of the partnership; that the said registrar shall ascertain the balance on the accounts between the said Stein and the said Judah Touro Robertson; and that upon the said reference, the registrar may examine the parties on oath, as to all items not exceeding twenty dollars in amount, may require the production of all books, papers, vouchers and documents in relation to the said account, and may examine witnesses *viva voce*, and by deposition, and use the testimony in this case, and the parties may examine each other upon interrogatories. It is further ordered, adjudged, and decreed, that if upon accounting there should be a balance in favor of the defendant, Stein, against the complainant, a lien is established in favor of the former, upon the share in the partnership and the future profits thereof of the complainant, for the payment of such balance. It is further ordered, adjudged, and decreed, that the appellant pay the costs of the court below, and the appellee must pay the costs of this court.