## Silveus's Executors *versus* Porter *et uxor*.

1. A wife owned a tavern; she entered into partnership, her partner to divide with her the profits of the bar and stable; she to have all the profits of boarding and lodging; the partner sold furniture to the wife to be paid for from her share of the profits of the bar and stable; it was so paid for. *Held*, that it was the property of the wife and not liable for the husband's debts.

2. Property purchased by a wife on the credit of her separate estate or of her earnings in its management is not liable for the debts of the husband.

3. Brown *v.* Pendleton, 10 P. F. Smith 419; Rush *v.* Vought, 5 Id. 437, followed.

November 18th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Greene county*: Of October and November Term 1873, No. 188.

This was an action of trespass d. b. a., brought by William A.

Porter and Elizabeth his wife, for her use, against Henry B. Silveus; the defendant having died, A. A. Purman and D. M. Silveus, his executors, were substituted.

The action was against the defendant as sheriff, for selling, under an execution against Porter the husband, goods which Mrs. Porter alleged belonged to her.

The case was tried September 19th 1873, before Campbell, P. J.

Mrs. Porter was the owner of a hotel called the "Greene House." On the 22d of January 1868, she entered into an agreement with James P. Cosgray, by which she was to give a room in the house and fit it for a bar-room, and the stable on her lot for the use of the parties jointly; Cosgray " to give his time and labor as an equivalent for the rent of the bar-room, and have entire control of the bar and bar-room." He was to give the stable on a lot belonging to him as an equivalent for Mrs. Porter's stable, both stables to be used for stabling horses for the joint benefit of the parties; each to furnish one-half the capital to buy liquors, oats, hay, corn and other things necessary for the bar and stable, the profits and losses of the bar and stable to be borne equally by the parties; each to pay half the wages of the hostlers, but Mrs. Porter to bear two-thirds of the expense of their boarding; settlements and division of the profits of the bar and stable to be made weekly, but Cosgray not to receive any of the profits for boarding and lodging travellers, nor to be responsible for any loss; the partnership to commence from the succeeding April Term of the Court of Quarter Sessions, when a tavern license was to be procured, and continue for one year.

The parties went into possession on April 1st 1858, and continued under the agreement until October 1st, when Mrs. Porter took the stable, and Cosgray took the bar, for which he was to pay $15 a week. Cosgray bought chairs, range, tables, bedsteads, &c., for the house, and Mrs. Porter paid for them out of her share of the profits of the bar and stable; they were paid for when the parties settled in October.

To December Term 1870, James Allen recovered a judgment against William A. Porter for $215, on which an execution was issued on the 7th of November 1870, the furniture above mentioned levied on and sold by the defendant as sheriff; to recover damages for this, the present action was brought.

The defendant submitted the following points, all of which were overruled:—

1. If the jury believe that Mrs. Porter and James P. Cosgray entered into partnership to keep a hotel in the Greene House, which belonged to Mrs. Porter, and that by the agreement between them Mrs. Porter was to keep up the table and chambers, and Cosgray was to keep the bar and stable, and that the table and chambers produced no profit, and that the bar and stable were

24 P. F. SMITH—29

profitable, which profits were to be equally divided between them—that Cosgray furnished the bar with liquors and the stable with feed, &c., and that with the proceeds of Mrs. Porter's share of the profits Cosgray bought and paid for the property sold by the sheriff, then the said property was not her separate property and could be sold to satisfy the debts of her husband, and the plaintiffs are not entitled to recover.

2. If the jury believe that Mrs. Porter bought the goods sold by the sheriff, from James P. Cosgray, on her own credit, then they were not her separate property within the meaning and spirit of the Act of 1848, and were liable to be sold for the debts of her husband, and the plaintiffs are not entitled to recover.

3. If the jury disbelieve all the evidence of the plaintiff, the plaintiff cannot recover.

4. If the jury disbelieve part of the evidence of the plaintiff and believe the residue, she is not entitled to recover.

5. If the jury believe all the evidence of the plaintiff, the plaintiff cannot recover.

The court charged:—

" We charge you that it is conceded here that the property known as the Greene House belonged to Mrs. Porter as her separate property. If you find that the bar-room and stable were the separate property of Mrs. Porter, and that Cosgray furnished the personal property involved in this suit to her upon the credit of her said property, and that it was afterwards paid for out of the proceeds of the venture of Cosgray and Mrs. Porter, concerning the bar and stable, your verdict must be for the plaintiff."

The verdict was for the plaintiff for $343.83.

The defendants sued out a writ of error, and assigned for error the answers to their first, second and third points, and the charge to the jury.

*G. W. G. Waddell* and *Downey & Son*, for plaintiffs in error.—What arises from a wife's earnings or is bought on her credit, belongs to the husband : Raybold *v.* Raybold, 8 Harris 311 ; Bradford's Appeal, 5 Casey 515 ; Keeney *v.* Good, 9 Harris 355 ; Gault *v.* Saffin, 8 Wright 307 ; Hallowell *v.* Horter, 11 Casey 375 ; Robinson *v.* Wallace, 3 Wright 129 ; Hoffman *v.* Toner, 13 Id. 233.

*E. M. Sayers*, for defendants in error, cited Manderbach *v.* Mock, 5 Casey 43 ; Brown *v.* Pendleton, 10 P. F. Smith 419 ; Bucher *v.* Ream, 18 Id. 426.

The opinion of the court was delivered, January 5th 1874, by

MERCUR, J.—Since the Act of 11th of April 1848, it has been settled by numerous decisions of this court that the proceeds of the wife's separate property cannot be seized for the husband's debt:

[Silveus's Ex'rs. v. Porter.]

Manderbach v. Mock, 5 Casey 43; Rush v. Voight, 5 P. F. Smith 437; Brown v. Pendleton et al., 10 Id. 419; Musser v. Gardner, 16 Id. 242. If her property be real estate, the fact that her husband's labor assisted in creating the products derived therefrom, does not make them liable for his debt: Rush v. Voight, supra.

Property purchased by a wife on the credit of her separate estate, or by her earnings, derived from the management of it, is protected from her husband's creditors: Brown v. Pendleton et al., supra. The jury has found that the property in question was acquired by Mrs. Porter upon the credit of her separate estate, and that it was afterwards paid for out of the proceeds which she derived from Cosgray's occupancy of the same. The evidence clearly justified this finding. There is no error in the charge. The first and fourth assignments are not sustained. Under the evidence the court was correct in refusing to affirm the point covered by the second assignment. There was no testimony that Mrs. Porter acquired the property otherwise than as her share of the profits under her agreement with Cosgray. It is error to submit a question of fact to the jury of which there is no evidence: Sartwell v. Wilcox, 8 Harris 117; Lower et al. v. Clement, 1 Casey 63.

The manner in which the point covered by the third assignment was presented, is so unusual we at first supposed the word "disbelieve" had been inadvertently used for "believe," and that the court must have so understood it. An examination of the original written point, however, as well as the fact that in the fifth point presented by the defendant below, the language is changed to "believe," leaving the point otherwise the same, satisfied us it was designed as written. The plaintiff below could not recover without evidence. Evidence is such proof of the fact alleged as satisfies the mind. If all the testimony given in support of the allegation is disbelieved, it necessarily follows that the mind would be unsatisfied; the evidence would be insufficient, and the plaintiff could not recover. As the credibility of witnesses is a proper question for the jury to pass upon, and the point submitted clearly raised that question, it should have been affirmed. The affirmance, however, should have been accompanied by proper explanations and instructions, as to weighing the testimony and testing the credibility of witnesses. The third assignment is therefore sustained.

Judgment reversed, and a venire facias de novo awarded.

AGNEW, J., dissented.