## Sixbee and Wife *versus* Bowen et al.

1. When a married woman, who has a separate estate of her own, buys property on the credit of such estate, she is entitled to hold and claim it as her own against the creditors of her husband. She is not precluded from buying on credit, but it is incumbent upon her to show that her separate estate was the foundation of the credit.

2. In trespass *vi et armis* by a married woman for property sold by a sheriff, on a judgment against her husband, evidence was offered to show that in 1859, certain property of said husband was sold on execution to R., who subsequently sold it to the wife; that at that time she had a separate estate, inherited from her father; that she held and used the property thus purchased, and the increase thereof on her own land until 1874; that a portion of the purchase-money paid by her was the proceeds of the sale of bark taken from her land, and the residue derived from the sale or exchange of the property purchased, and that no part of the money was furnished by her husband. *Held,* reversing the court below, that this evidence should have been submitted to the jury.

June 24th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Tioga county:* Of May Term 1879, No. 59.

[Sixbee *v.* Bowen.]

Trespass *vi et armis*, &c., by Reynolds Sixbee and Hannah, his wife, for the use of said Hannah, against Stephen Bowen, sheriff, and B. R. Bailey, his deputy, to recover the value of two cows, a mare, and two colts, sold by the defendants at public sale as the property of Reynolds Sixbee upon a judgment against him.

Hannah Sixbee, the wife of Reynolds Sixbee, inherited a one-half interest in a grist-mill from her father. She sold this interest to one Bennett, and the money arising from this sale was paid for a farm, which she took possession of in the year 1860. Her husband did not contribute to the purchase of this farm, and had no interest in it; his wife conducting the business of the farm by herself, and her husband acting as her agent. In the year 1860 her husband and her brother, William Daggett, were the owners jointly of some personal property, which was sold by the sheriff upon a judgment against them, and bid in by one Royal Rose, who sold the same thereafter to Hannah Sixbee, the plaintiff in interest in this case, for the sum of $90, and in about a year after she made the purchase of Rose, she paid him $40 and gave her note for the balance of the $90. At the time she made this purchase her husband was insolvent, and she was the owner of the farm, and occupying and using the land as her own. The property which she bought from Royal Rose was kept upon her land, and consisted of one brown mare, one cow, five sheep, one yoke of stags and one wagon. They were purchased by Hannah Sixbee, to be used in tilling her farm. The purchase-money came from a sale of the increase of the property she bought of Rose, and from hemlock bark which was cut and peeled from timber standing upon her land. When the cows, mare and colts were sold by the sheriff, he was notified that they were the property of Mrs. Sixbee. She alleged that they were born on her land, and raised out of the animals she had bought of Rose, and which she had kept for many years; and that she had made the purchase of Rose upon the credit of her separate estate.

At the trial the plaintiffs submitted the following points, which the court refused:

1. That to make valid the purchase of a married woman upon her own credit, it is not necessary that she should give such security as the law would regard as valid, but that any security is sufficient if the purchaser is satisfied therewith.

2. That if the jury believe that Hannah Sixbee was the owner of considerable estate in her own right, independent of her husband at the time of the purchase of this property, and purchased it on the credit of her separate estate, then she is entitled to recover the amount she paid therefor, together with interest from the time of the sale.

3. That if she paid a part of the purchase-money by money raised by the sale of bark taken from her land; and had a farm of

[Sixbee *v.* Bowen.]

her own and raised cattle and colts upon her land, and a part of the money she paid for this property came from the sale of these cattle, then the money was not her husband's, but her own; and she is entitled to recover.

In the general charge the court, inter alia, said:

"If we are correct in this construction it would follow that the purchases in this case were not upon the credit of the separate property of this married woman, nor was the price paid from any devise or gift made to her before or after marriage. No part of her father's estate came into it. The articles that were turned over to her by Rose, and the money raised from them, paid off her note to him and she retained the balance. * * *

"No employment of the separate property of the married woman having been made in the purchase, and the articles not having been purchased for the preservation or operation of her separate estate, or by pledge or mortgage upon it, she acquired no title. It was a purchase upon her personal credit and that of her husband. We hold therefore upon his credit, and the title as to his creditors vested in him and not in his wife."

The court then directed a verdict for defendants. This action, the refusal of the above points, and the foregoing portions of the charge were assigned for error.

*H. Sherwood* and *H. Allen*, for plaintiffs in error.—The animals were sold to Mrs. Sixbee on the credit of her separate property, and if there was a shadow of doubt upon that subject, that question should have been submitted to a jury to determine: Seeds *v.* Kahler, 26 P. F. Smith 267. It is well settled that when the wife has a separate estate and she buys property on the credit of that separate estate, she may hold it against the creditors of her husband. It is not necessary that she shall have paid for it at the time of her purchase. She is not precluded from buying upon credit, provided it be upon the credit of her separate estate; Husband on Married Women 93; Wieman *v.* Anderson, 6 Wright 311; Conrad *v.* Shomo, 8 Id. 193; Rush *v.* Vought, 5 P. F. Smith 438; Lippincott et ux. *v.* Hopkins, 7 Id. 328; Brown *v.* Pendleton, 10 Id. 419; Lippincott *v.* Leeds, 27 Id. 420.

*F. E. Smith* and *M. F. Elliott*, for defendants in error.—If property is purchased on the personal credit of the wife, as to the husband's creditors, it is a purchase for him, and there can be a purchase on the credit of her separate estate only when such estate is legally pledged to the payment of the purchase-price of the property bought.

Mr. Justice STERRETT delivered the opinion of the court, October 6th 1879.

[Sixbee *v.* Bowen.]

The testimony in this case presented questions of fact which should have been submitted to the jury. The claim of the beneficial plaintiff to the property which was the subject of the alleged trespass was based on a purchase by her from Royal Rose. Testimony was introduced for the purpose of showing that in 1859, Sixbee and Daggett, husband and brother of the plaintiff, jointly owned certain personal property which was sold on execution against them and purchased by Rose, who agreed to sell and afterwards did transfer the same, or greater part thereof, to the plaintiff, Mrs. Sixbee, for the consideration of $90, which was subsequently paid by her; that at the time of the purchase from Rose she was possessed of a separate estate, inherited from her father; that she continued to hold, use and enjoy the property so purchased, and the increase and proceeds thereof, keeping and making use of the same, for the most part, on her own land, until the defendants, in 1874, committed the alleged trespass by seizing the property in controversy, which at that time represented the property she purchased from Rose; that a portion of the purchase-money paid by her was the proceeds of bark cut and taken from her land, and the residue was derived from the sale or exchange of a portion of the property purchased as above stated, and that no part of the money was furnished by her husband.

The testimony tended to prove these and other facts, and it was for the jury to determine, from all the evidence, whether the property was purchased by Rose, and in good faith sold and transferred to her upon the credit of her separate estate, and whether she paid the consideration with money of her own not in any manner furnished by her husband. If these questions had been submitted to the jury and determined in her favor, she would have been entitled to a verdict for such damages as she sustained by reason of the seizure and sale of the property. The fact that her husband assisted in arranging the purchase of the property, and afterwards in disposing of a part thereof, cannot impair her right, if in so doing he was acting as her agent. It was shown that he had been sold out by the sheriff, and was probably insolvent at the time, and both husband and wife had testified positively that in negotiating with Rose, and afterwards in exchanging a part of the property, he acted not for himself but for her.

It has been repeatedly held that when a married woman, who has a separate estate of her own, buys property on the credit of such estate, she is entitled to claim and hold it as her own against the creditors of her husband. She is not precluded from buying on credit, but it is incumbent on her to show that her separate estate was the foundation of the credit: Brown *v.* Pendleton, 10 P. F. Smith 419; Seeds *v.* Kahler, 26 Id. 262. In the former case, it is said, "the broad distinction has been preserved between a wife's credit, founded on her own estate and its product, and a credit

[Sixbee *v.* Bowen.]

founded on nothing but her mere promise, or upon earnings that belong to her husband."

The fact that the note which she gave for part of the consideration was not legally binding on her or her separate estate, is of no consequence.   If Rose sold the property to her on the credit of her estate, relying on it for payment, it was a matter of no consequence, so far as her title was concerned, whether he took such a security as might have been enforced against her separate estate or not. If the purchase was as she claims, her title was complete even before payment, and there was nothing to prevent her from disposing of a part of the property thus acquired, and using the proceeds to pay Rose or any one else to whom she was indebted.

Judgment reversed, and a *venire facias de novo* awarded.