## Phillips *v.* Hall et al., Appellants.

*Married women—Lease—Labor of husband—Products—Seizure for husband's debt—Execution.*

Where a married woman leases and pays the rent of a boarding house, furnishes the necessary supplies with means of her own, and manages the house, the profits therefrom belong to herself, and not to her husband, and her husband's creditors have no claim upon them.

Where a husband in the enjoyment of the marital relation is permitted to live and be maintained upon the property of his wife, managed by her for her own use and benefit, he does not acquire a title to the products merely by the labor he voluntarily bestows upon it.

Even if a husband furnishes his wife with money to assist her in paying for a farm, his creditors cannot avail themselves of the money thus advanced by levying on the grain in the ground, and other personal property on the farm, belonging to the wife, and in which her husband never had any interest.

Argued Feb. 5, 1894. Appeal, No. 377, Jan. T., 1893, by defendants, Augustus R. Hall and George W. Carpenter, trading as Hall & Carpenter, from judgment of C. P. Chester Co., Aug. T., 1892, fi. fa. No. 25, on verdict for plaintiff, Sarah J. Phillips, in sheriff's interpleader. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Interpleader to determine ownership of personal property levied on as property of plaintiff's husband. Before HEMP-HILL, J.

At the trial it appeared that the property levied upon consisted of wheat, oats, potatoes and corn in the ground, horses, cows and agricultural implements. Mrs. Phillips claimed the property. The evidence showed that at various times plaintiff had received from relatives large sums of money, and that she had invested the money thus received in a farm and mill property. Her husband failed in business in 1876, and was indebted to Hall & Carpenter and other creditors. In 1878, Mrs. Phillips associated with her, as a partner in the milling business, Henry C. Way, and the title of the firm was "Phillips, agent, & Way." This firm continued in existence three years. Mr. Way put in, as his share of the capital, $1,000 in money, and Mrs. Phillips put in, as her share of the capital, personal property, consisting of horses, wagons and other chattels, valued at $1,000. At the end of the three years, the partnership was dissolved, there having been no net profits.

Mr. Israel Durham succeeded Mr. Way as partner of Mrs. Phillips and for five years the business was conducted under the firm name of the "Clifton Milling Company, Israel Durham, and W. H. Phillips, agent." No net profits resulted from the milling business. During these nine years that the Phillipses resided at Clifton Mills, Mr. Phillips continued to act as agent of his wife; and for seven years of that time she kept boarders, and realized from this source a profit of about $650; she being the lessee of the property, and owning all the furniture and household goods, and all the stock, farming utensils and mill fixtures.

In 1887 Mrs. Phillips purchased the farm and paper mill known as "Willow Brook Mill," where she and her husband have from that time continued to reside. The deed was made to her, the consideration being $10,250. Of this amount $6,000 was secured by a mortgage, which yet remains on the premises, and $4,250 was paid by Mrs. Phillips; she at that time receiving $2,000 from the estate of her uncle John Bailey, and $1,600 from the proceeds of a mortgage, it being the same $1,600 which she inherited from her aunt Mary Bailey. The balance, $650, Mrs. Phillips made keeping boarders during seven of the nine years she resided at the Clifton Mills property.

Defendant's points, among others, were as follows:

" 2. It appears from the evidence that, of the purchase money

of the farm upon which these crops were raised, $650 were the earnings of the claimant, while married, which earnings in law belonged to her husband, so that he was and is the owner of the said real estate to that extent, and the ownership of the claimant to said crops produced thereon is partial, and, as to them, your verdict must be for the defendants." Refused. [1]

"3. All the partnership business which was carried on by William H. Phillips, agent, prior to 1887, in which the property of Sarah J. Phillips was invested, was, as a matter of law, the business of the said Wm. H. Phillips, and any property or profit derived therefrom was his, and is liable for his debts, and if the jury find that any of the property here claimed arose from such partnership business, as to such property their verdict must be for the defendants " Refused. [2]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Charles H. Pennypacker, Walter F. Hall* with him, for appellant, cited: Campbell's Ap., 80 Pa. 306; Seeds v. Kahler, 76 Pa. 262; Blum v. Ross, 116 Pa. 168; Winter v. Walter, 37 Pa. 155; Hess v. Brown, 111 Pa. 128; Leinbach v. Templin, 105 Pa. 522; Act of April 3, 1872, P. L. 35; Landers v. Dithridge, 2 Pa. C. C. R. 560; Spering v. Laughlin, 113 Pa. 213; Wolbach v. Building Assn., 84 Pa. 214; Heugh v. Jones, 32 Pa. 432; Hallowell v. Horter, 35 Pa. 375.

*Wm. M. Hayes, J. Carroll Hayes* with him, for appellee, cited: Wieman v. Anderson, 42 Pa. 311; Holcomb v. Bank, 92 Pa. 338; Troxell v. Stockberger, 15 W. N. 117; Welch v. Kline, 57 Pa. 432; Rush v. Vought, 55 Pa. 437; Silveus v. Porter, 74 Pa. 448; Shuster v. Kaiser, 111 Pa. 221; Sixbee v. Bowen, 91 Pa. 149; Simpson v. Kennedy, 18 W. N. 93; Lochman v. Brobst, 102 Pa. 481; Seeds v. Kahler, 76 Pa. 262; Wayne v. Lewis, 1 Mona. 305; Act of June 3, 1887, P. L. 332.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 26, 1894:

For many years past, the trend of legislation as well as judicial decision, in relation to the rights and powers of married women, has not been in the direction of permitting a wife's

separate property to be seized and sold to pay her insolvent husband's debts. In any view that can be reasonably taken of the testimony in this case, there is nothing in it that would have justified a verdict against the plaintiff. It clearly appears by the uncontradicted evidence that the property—consisting of live stock, farming implements, grain in the ground, etc., seized by the sheriff on the execution against plaintiff's husband—never belonged to him, but is his wife's separate property, acquired by her with her own money, or on the credit of her separate estate. After attaining her majority, she received from her guardian $4,500. Subsequently she received from the estate of an aunt $600. In 1881, five years after her husband's failure, she received $1,600 from the estate of another aunt; and in 1887, $2,000 from the estate of her uncle,—in all $8,700. The farm, on which was kept the personal property in controversy, was purchased by and conveyed to her. She paid on account thereof $4,250 in cash, and gave a mortgage for the residue, $6,000. Her husband testified that he had no money in it; that he never owned anything since he made the assignment for benefit of his creditors.

Plaintiff herself testified that the property levied on was her own, that her husband never owned it or any part of it; that she had money of her own, $7,000 or $8,000. This and other testimony, to the same effect, was undisputed. It appeared however that $650 of the money paid on account of the farm was realized by plaintiff from keeping boarders during a period of six or seven years after her husband failed; but, in same connection, it was shown that she leased and paid the rent of the boarding house property, furnished the necessary supplies, etc., with means of her own. The small return thus produced by the investment of part of her separate estate, etc., in keeping a boarding house, belonged to herself and not to her husband; and his creditors have no claim upon it. In Silveus v. Porter, 74 Pa. 448, a wife, owning a tavern stand, entered into a copartnership, and, with the profits thereof, purchased property which was claimed by her husband's creditors. It was held that the property thus purchased was not liable for her husband's debts. So, too, a husband who, in the enjoyment of the marital relation, is permitted to live and be maintained upon the property of his wife, managed by her for her own use and benefit,

does not acquire a title to the products merely by the labor which he voluntarily bestows upon it: Rush v. Vought, 55 Pa. 437. To the same effect are numerous other cases, among which are Wieman v. Anderson, 42 Pa. 311 ; Sixbee v. Bowen, 91 Pa. 149 ; Welch v. Kline, 57 Pa. 432 ; Wayne v. Lewis, 23 W. N. 441 ; Seeds v. Kahler, 76 Pa. 262 ; Shuster v. Kaiser, 111 Pa. 215.

But, supposing plaintiff's husband had furnished her with $650, to assist her in paying purchase money of the farm, his creditors could not avail themselves of the money thus advanced by levying on the grain in the ground and other personal property on plaintiff's farm, belonging to her and in which her husband never had any interest.

There is nothing in the testimony that would have warranted the learned court in affirming, as presented, either of the points recited in the specifications of error. Instead of showing that the $650, mentioned in the first of said points, was " the earnings of the claimant," in the sense intended to be conveyed by these words, the testimony tends to show that the sum named represents the income or earnings of that part of her separate estate which was invested in and used by her in carrying on the business of keeping the boarding house. As we have already seen, her husband had no interest therein that was liable to seizure by his creditors. In the other point, the learned trial judge was requested to charge, as matter of law, that " all the partnership business which was carried on by William H. Phillips as agent, prior to 1887, in which the property of Sarah J. Phillips was invested, was the business of the said William H. Phillips, and any property or profit derived therefrom was his and is liable for his debts." In view of the uncontradicted evidence it would have been error to have given such instruction.

Judgment affirmed.