MOST WORSHIPFUL GRAND LODGE OF ALABAMA ANCIENT FREE AND AC- CEPTED MASONS v. ALLEN et al. (I Div. 239.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. Fraudulent conveyances ⊚⇒104(4) — Not predicable on gift of services.

Since a creditor has no right to appropriate the labor or personal services of a debtor for satisfaction of the debt, the debtor may give the same to another, as his wife, or a cor- poration, in which she is a stockholder, thus augmenting her dividends, without rendering the resulting profits or dividends liable for the debt; the law of fraudulent conveyances in case of donation of property not being applicable and fraudulent intent not being enough.

2. Creditors' suit ⊚⇒8(4)—Creditor has no lien on wages.

If one renders services for a corporation with understanding between it, him, and his wife that the value thereof shall be paid in ad- ditional dividends to his wife, a stockholder, and that he shall receive from her a fair compensa- tion, a creditor of his has no lien on moneys to come to him, either in the hands of the corpo- ration or the wife, but the creditor's remedy is by garnishment, operating only on compensa- tion due and unpaid.

Appeal from Circuit Court, Mobile Coun- ty; Saffold Berney, Judge.

Bill by Most Worshipful Grand Lodge of Alabama Ancient Free and Accepted Masons of the State of Alabama against Clarence W. Allen, Josephine B. Allen, and the Johnson- Allen Undertaking Company, for discovery, accounting and establishment of equitable lien. From a decree sustaining demurrer, complainant appeals. Affirmed.

The bill alleges that on January 10, 1918, the complainant obtained judgment in the circuit court against respondent Clarence W. Allen, founded upon an indebtedness exist- ing on and prior to November 10, 1917; that at the time of obtaining said judgment and ever since respondent Josephine B. Allen, wife of Clarence W. Allen, was the owner of a large portion of the capital stock of the Johnson-Allen Undertaking Company, a cor- poration; that said Clarence W. Allen, for the purpose of avoiding payment of said in- debtedness and his indebtedness to other creditors, arranged with his wife and the corporation to work for the corporation, looking after the interest of his wife, but that, instead of receiving any salary, the benefits of his labor should accrue to his wife by way of dividends from the corporation, in order that his earnings might not be subject to the payment of the debts, and that he would ostensibly depend for his livelihood upon the generosity of his wife; that the intention was that Allen would earn money for the corporation, without salary, so that

the dividends of the corporation which would accrue to his wife would in effect represent the value of his services, and that his wife could then turn over to him a fair compen- sation for his services.

It is further alleged that the amount turned over by the wife to Allen was, to wit, in the sum of $150 per month; that, under the arrangement aforesaid, Allen has con- tinued in the service of the corporation, has greatly enhanced its earning capacity, and that his wife has continued to receive from the corporation large dividends upon her stock, which were in fact earned in large part by said Clarence W. Allen, and that she has from time to time paid over to Allen large sums of money, which really repre- sented his earnings. The bill shows that complainant's judgment was recorded in the probate court on February 6, 1919—

"and that it has a lien upon the money which the said Clarence W. Allen earned, and that, in effect the moneys so earned by the said Clar- ence W. Allen were fraudulently conveyed by the said Clarence W. Allen to the said Jose- phine B. Allen, or to the said Johnson-Allen Undertaking Company, and that the complain- ant has a right to an accounting from the said defendants of the moneys so received by them, to the payment of the said judgment there- from."

Alleging that it has no method of ascer- taining the amounts paid by the corporation to Josephine B. Allen or the amounts paid by her to Clarence W. Allen, complainant prays an accounting and discovery, and that the earnings realized as a result of the serv- ices of Clarence W. Allen be applied to com- plainant's judgment.

The respondents demurred to the bill on the ground that it had no equity.

Harry T. Smith & Caffey, of Mobile, for appellant.

A debtor cannot be compelled to labor for the benefit of his creditors; but this rule does not permit a debtor to defraud his cred- itors by doing business for his own benefit in the name of another. 27 C. J. 424; 12 R. C. L. 508; 44 Mo. 132, 100 Am. Dec. 260; 17 Grat. (Va.) 503, 94 Am. Dec. 478. When a man is in pressed circumstances and insol- vent, he cannot make use of his wife, direct- ly or indirectly, to cover up any of his prop- erty, or any of his earnings of his skill. 3 N. B. R. 250, Fed. Cas. No. 1980; 81 Mich. 423, 46 N. W. 113; 85 Ky. 168, 3 S. W. 1; 116 Pa. 163, 10 Atl. 32; 84 Ala. 375, 4 South. 699, 5 Am. St. Rep. 378; 54 N. J. Eq. 570, 35 Atl. 532; (Ky.) 53 S. W. 528; 99 Va. 680, 40 S. E. 34.

Inge & Bates and Vincent F. Kilborn, all of Mobile, for appellees.

Fraud is never actionable, where no injury has resulted to the party complaining. 65

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 343, 39 Am. Rep. 1. If respondent Allen had the right to give his services for the benefit of his wife's interest in the corporation, complainant cannot complain, whatever the motives of the parties may have been. 65 Ala. 343, 39 Am. Rep. 1; 125 Ala. 320, 28 South. 456, 82 Am. St. Rep. 238; 107 Ala. 170, 18 South. 396, 36 L. R. A. 308; 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241; 99 Ala. 411, 13 South. 80. The value of the personal labor donated by the husband to or for the benefit of the wife cannot be reached by his creditors. 11 Ala. 386; 14 Ala. 27; 72 Ala. 137; 122 Ala. 264, 25 South. 564; (Miss.) 15 South. 118; 30 Ala. 286; 82 Ala. 334, 2 South. 516, 60 Am. Rep. 738; 84 Ala. 375, 4 South. 699, 5 Am. St. Rep. 378. Profits accruing from corporate stock owned by a married woman are not rendered liable for her husband's debt by reason of the fact that such profits resulted from his management of the corporate business. 52 La. Ann. 1524, 28 South. 133; 55 N. J. Eq. 491, 37 Atl. 315, 62 Am. St. Rep. 818; 22 Ohio St. 183; 213 Ill. 351, 72 N. E. 1063.

SOMERVILLE, J. [1] The law does not give to a creditor the right to appropriate the labor or personal services of a debtor for the satisfaction of his debt. From this it results, as is thoroughly well settled by our decisions, that a debtor may give his labor or services as a gratuity to another, and, when he chooses to do so, a creditor cannot subject the proceeds or profits therefrom to the satisfaction of his debt, nor in any way charge the donee therewith. Hoot v. Sorrell, 11 Ala. 386, 407; Stein v. Robertson, 30 Ala. 286, 296; Alexander v. Pollock, 72 Ala. 137; Carter v. Worthington, 82 Ala. 334, 339, 2 South. 516, 60 Am. Rep. 738; Nance v. Nance, 84 Ala. 375, 4 South. 699, 5 Am. St. Rep. 378; Lister v. Vowell, 122 Ala. 264, 25 South. 564.

The authorities generally are in accord with this view of the law, and the decisions have held with practical unanimity that a debtor may give his personal time, attention, and services to the management and conduct of his wife's business for a series of years, without making the principal invested in or produced by such business, or any part of it, subject to the claims of creditors. Mayers v. Kaiser, 85 Wis. 382, 55 N. W. 688, 21 L. R. A. 623, 39 Am. St. Rep. 849; Wheeler v. Biggs (Miss.) 15 South. 118; Martin v. Banks, 89 Ark. 77, 115 S. W. 928; Alsdurf v. Williams, 196 Ill. 244, 63 N. E. 686; Deere & Co. v. Bonne, 108 Iowa, 281, 79 N. W. 59, 75 Am. St. Rep. 254; Phillips v. Hall, 160 Pa. 60, 28 Atl. 502; Trapnell v. Conklyn, 37 W. Va. 244, 16 S. E. 570, 38 Am. St. Rep. 30.

So, also, it is held that the dividends and profits accruing from corporate stock owned by a married woman are not liable for her husband's debts, although they are the result of his successful management of the cor-poration's business. Taylor v. Wands, 55 N. J. Eq. 491, 37 Atl. 315, 62 Am. St. Rep. 818; Magerstadt v. Schaefer, 213 Ill. 351, 72 N. E. 1063; First Natchez Bank v. Moss, 52 La. Ann. 1524, 28 South. 133.

Manifestly, such a donation of labor or services presents no analogy to a donation of property which is subject to the claims of creditors, and the rules of law that govern fraudulent conveyances can have no application. Counsel for appellant cite several cases (Pinkston v. McLemore, 31 Ala. 308; Carter v. Worthington, 82 Ala. 334, 2 South. 516, 60 Am. Rep. 738; Bangs v. Edwards, 88 Ala. 382, 6 South. 764), holding that the wife's earnings under the old Married Woman's Law, being the property of the husband, could not be given away or transferred by him, except in subordination to the rights of creditors. But those cases do not in any way support appellant's contention here.

In the instant case, the husband of the respondent Josephine Allen could lawfully render service to the respondent corporation, with the understanding that its value should go to his said wife by way of increased dividends on her shares of corporate stock; and such an arrangement, whatever their intention may have been as to keeping his earnings out of the reach of creditors, was not a fraud on them, because it did not take from them anything which they could appropriate to the satisfaction of their demands. Even a fraudulent intent does not make a lawful gift or transfer unlawful. Fellows v. Lewis, 65 Ala. 343, 39 Am. Rep. 1; Carter v. Coleman, 84 Ala. 256, 4 South. 151.

[2] Very clearly, so far as the alleged arrangement for the conversion of Allen's services into dividends to be paid to his wife is concerned, complainant is without remedy. Its contention, however, is that the further allegation of the bill, that in making that arrangement the parties intended that Allen should receive from his wife sums of money equal to a fair compensation for his services, and that she has in fact paid over to him large sums of money in that behalf, makes a case of fraud in such sort that equity will declare a lien upon all money so paid over to Allen, in favor of complainant, and charge respondents therewith. No authority is cited by counsel in support of that contention, nor can we conceive of any principle of law or equity upon which it can be soundly rested.

If Allen rendered service and earned compensation, it was lawful for the corporation to pay for it, either directly to him, or by increased corporate dividends to his wife; and if, in the latter case, his wife chose to pay him for such service, and even agreed in advance to so pay him, out of her increased dividends, it was lawful for her to do so. For neither she nor the corporation was under any legal duty to hold his earnings for the benefit of his creditors, nor to facilitate their appropriation of such earnings to ex-

isting debts, in the absence of any interception of them by appropriate legal process. In short, if, by any contractual agreement, either the corporation or his wife was indebted to Allen, the remedy of a creditor was by garnishment, operating only upon compensation due and *unpaid*; and, if there was no obligation on the part of either of them to pay him, his services being in fact by way of gift to either, his creditors are without remedy, so far as such earnings are concerned.

The theory upon which the equity of the bill is grounded, viz. that complainant had an equitable lien on the money paid to Allen as an indirect compensation for his services, either in the hands of the respondent corporation or of the respondent wife, under the understanding alleged to have existed between them, cannot be sustained on any principle of law or equity, and we hold that the demurrer to the bill for want of equity was properly sustained.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.