REGINALD G. BARCLAY, Appellant, v. ALEXANDER BARRIE, Respondent.

Partnership — relative duties and rights of copartners as to the work of the firm — dissolution of partnership by reason of the permanent incapacity of a copartner to discharge his duties to the firm — when court of equity has power to decree such a dissolution.

1. Independent of express provision a partner impliedly undertakes to advance the success of the copartnership by devoting to it, within reasonable limits, his time, efforts and ability, and if for any reason he fails to fulfill his duties his copartners are thereby deprived, in greater or less degree, according to the extent of his failure, of the benefits of the contract which they have made and of the fruits thereof to which they are legitimately entitled.

2. Courts of equity have power to decree dissolution of a copartnership because of permanent incapacity of a partner which materially affects his ability to discharge the duties imposed by his partnership relation and contract.

3. "Permanent" incapacity as a ground for dissolution does not mean incurable and perpetual disability during the life of the part, ner. It rather means incapacity which is lasting as distinguished from merely temporary, and the prospect of recovery from which is remote; which has continued or is reasonably certain to continue during so substantial a portion of the partnership period as to defeat or materially affect and obstruct the purpose of the partnership.

4. When a partner has been totally incapacitated from attending to his duties for three years and eleven months out of a partnership period of four years and eleven months, with no assurances that he will recover before the expiration of the unexpired balance of the term, the incapacity is of a permanent and not a temporary or fleeting character and of a substantial and not inconsequential nature, and the purpose of his partners in joining him with them has been materially and essentially defeated, and dissolution should be decreed.

5. Under ordinary circumstances dissolution will be adjudged as of the date when the judgment is granted, but the court may, for sufficient reason, adjudge such relief as of an earlier date.

*Barclay* v. *Barrie*, 154 App. Div. 924, reversed.

(Argued May 5, 1913; decided June 10, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 27, 1913, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

This action was brought to procure a dissolution of partnership between the plaintiff and defendant because, as alleged by the former, the latter had become incapacitated by reason of sickness from discharging his duties as such copartner.

The parties had been copartners in the business of manufacturing and selling under a succession of partnerships from the year 1873 until on or about January 1, 1904. On said last date articles were again entered into which were from time to time extended, and on or about February 7, 1908, an agreement was made extending the partnership to January 1, 1913.

The partnership agreement thus extended and involved in this action provided for the use of certain trade marks belonging to the plaintiff and to the estate of a deceased brother for a compensation somewhat in excess of fifty per cent of the net profits, for a division of the balance of such profits between the parties hereto on a somewhat larger percentage to defendant than to plaintiff and for a contribution of capital of which, as a matter of fact, the defendant contributed about $130,000 and the plaintiff about $110,000.

Said agreement also contained the following provision: " At all times during the continuance of said partnership, each partner shall give reasonable time, attention and attendance to, and use reasonable endeavors in the business of said copartnership, and shall, with reasonable skill and power, exert himself for the joint interest, profit and advantage of said copartnership and shall truly and energetically, with the joint stock and increase of said business, sell, deal and merchandise. The alleged breach of any of the provisions of this section VII of these

Articles by either party hereto shall not give to the other party hereto any right to damages or to any relief whatsoever, until thirty days after written notice by such party specifying in detail the acts or omissions deemed by such other party to constitute such breach and stating that for any such breach accruing after such thirty days, damages will be demanded."

It was provided in substance by supplementary agreement that plaintiff at his option should not be required to devote himself actively to the conduct of the business, in which event the defendant should receive a small additional percentage of the profits; also, that " in the event of the termination of said copartnership by limitation, agreement, death or otherwise, the share of the said partners shall be paid to them or to their respective representatives within five (5) years of said termination, but in installments of not less twenty-five thousand (25,000) Dollars in each and every year succeeding such termination, with interest at and after the rate of six (6) per centum."

May 10, 1908, defendant was afflicted with a stroke of paralysis caused by a hemorrhage in the left side of his brain, and on the second and last trial of this action, occurring in March, 1912, the court found that as the result of such ailment the defendant had " temporary paralysis of the right side of his body and a certain difficulty of speech and thereby became incapacitated from devoting any time, attention or attendance to the business of the copartnership, or using reasonable endeavors in the business of the copartnership or exerting himself for the joint interest, profit and advantage of the copartnership with reasonable skill or power, and from in any way selling, dealing or merchandising with the joint stock and increase of said business. That the defendant has not recovered from the effects of said stroke of paralysis and the *aforesaid incapacity resulting therefrom,* but his condition will so improve that

prior to the time limited for the existence of the copartnership he will make a practical recovery of his health. There has been a steady, decided, progressive improvement in all the difficulties in which the defendant's affliction manifested itself. * * * The defendant's mentality has never been involved and he has not shown any signs of any mental deterioration. Defendant was mentally perfectly normal and competent. At the time of the trial the defendant could walk without any assistance whatsoever and write with his right hand and express his thoughts on any topic intelligently, and could carry on any conversation without difficulty; " also that since the date of his stroke of paralysis defendant has not attended to the business of the partnership or given any time, attention or attendance thereto, and said business has been wholly conducted and managed by the plaintiff.

On or about March 1, 1909, plaintiff sent to the defendant a letter in which in substance he called to the attention of the latter his failure to perform his obligations and duties under the articles of copartnership and notified him that such omissions were breaches of said contract and that " at the expiration of thirty days after the receipt by you of this notice I shall consider the said firm to be terminated and shall proceed to liquidate the business of the same in accordance with Article XVI of the Articles of Copartnership." In addition, on or about April 1, 1909, plaintiff so changed the partnership bank accounts that the funds therein could not be drawn on any checks signed by the defendant and then commenced this action.

*Charles F. Brown, John L. Wilkie* and *Chester A. Jayne* for appellant. The partnership in suit should have been decreed at an end because of the permanent incapacity of the defendant. (Pars. on Part. [3d ed.] 503, 504; Story on Part. [6th ed.] §§ 291–294; 4 Lindley on Part. [7th ed.] 614, § 2; Burdick on Part. [2d ed.] ch. 7, § 3 (b); Pothier's Traite du Con. de Soc., Nos. 142, 152;

*Whitwell* v. *Arthur*, 35 Beav. 140; *Sadler* v. *Lee*, 6 Beav. 324; *Jones* v. *Noy*, 2 M. & K. 125; *Waters* v. *Taylor*, 2 Ves. & B. 299; *Leaf* v. *Coles*, 1 De G., M. & G. 171; *Friedburgher* v. *Jaberg*, 20 Abb. [N. C.] 279; *Casky* v. *Casky*, 5 Ky. L. R. 775; *Sayer* v. *Bennett*, 1 Cox C. C. 107; *Fogg* v. *Johnston*, 27 Ala. 432; *Barclay* v. *Barrie*, 64 Misc. Rep. 403; 142 App. Div. 670.) The continuous absence of the defendant from business and his failure to devote any time or attention thereto since the 10th day of May, 1908, whatever the cause might have been, constituted a substantial breach of the express provisions of the contract of partnership which entitled the plaintiff to a decree of dissolution. (*Dexter* v. *Norton*, 47 N. Y. 62; *Williams* v. *Vanderbilt*, 28 N. Y. 217; *Tompkins* v. *Dudley*, 25 N. Y. 272; *Harmony* v. *Bingham*, 12 N. Y. 99.) A court of equity will decree a dissolution of a partnership on account of a substantial breach by one of the partners of the express provisions of the partnership contract, and, assuming that in this case the defendant was guilty of such a breach, then a decree should enter as prayed for in the complaint. (*Durbin* v. *Barber & Barney*, 14 Ohio, 311; *Dumont* v. *Ruepprecht*, 38 Ala. 175; *Fogg & Vanderslice* v. *Johnston*, 27 Ala. 432; *Von Tagen* v. *Roberts*, 2 Pearson [Penn.], 137; *Essell* v. *Haywood*, 30 Beav. 158; *Lyon* v. *Tweddell*, L. R. [17 Ch. Div.] 529; *Henn* v. *Walsh*, 2 Edw. Ch. 129; Mechem on Part. § 255; Pars. on Part. [3d ed.] 497.) Dissolution of the partnership in suit should be decreed as of the date of the commencement of the action. (*Durbin* v. *Barber & Barney*, 14 Ohio, 311; *Dumont* v. *Ruepprecht*, 38 Ala. 175; *Fogg & Vanderslice* v. *Johnston*, 27 Ala. 432; *Von Tagen* v. *Roberts*, 2 Pearson [Penn.], 137; *Essell* v. *Haywood*, 30 Beav. 158; *Lyon* v. *Tweddell*, L. R. [17 Ch. Div.] 529.)

*Edward Bruce Hill* and *Edward H. Green* for respondent. A partnership will not be dissolved in consequence

of the physical incapacity of a partner which is temporary in its nature, although prolonged, but will be dissolved for total and permanent incapacity. (*Whitwell* v. *Arthur*, 35 Beav. 140; *Friedburgher* v. *Jaberg*, 20 Abb. [N. C.] 279; *Raymond* v. *Vaughan*, 128 Ill. 256; *Jurgens* v. *Ittman*, 47 La. Ann. 367; *Jones* v. *Lloyd*, L. R. [18 Eq.] 265; *Anonymous*, 2 K. & J. 441; *Sadler* v. *Lee*, 6 Beav. 324; *Patey* v. *Patey*, 5 L. J. Ch. 198; 2 Lindley on Part. [2d Am. ed.] 557; Pars. on Part. [4th ed.] 459; Burdick on Part. 350.) It is of no real importance whether respondent ever did or did not offer to return to business. Under the circumstances found and proved, it is preposterous for plaintiff to make it a ground of complaint that defendant has not made an effort to force himself into a business from which plaintiff has avowed his purpose to exclude him and in which he has formally notified defendant that he does not recognize him as having any right, or to attempt to base an argument as to his physical condition upon it. (*Selleck* v. *Tallman*, 87 N. Y. 106; *Baumann* v. *Pinckney*, 118 N. Y. 604; *Stokes* v. *Mackay*, 147 N. Y. 223; *Cornwell* v. *Haight*, 21 N. Y. 462; *Cornell* v. *Fox*, 95 App. Div. 71; *Van Tassel* v. *G. Ins. Co.*, 28 App. Div. 163.) Even had respondent been disabled, that fact would not justify a dissolution in this case. (*Skolny* v. *Richter*, 139 App. Div. 534.) No judgment which would give appellant the whole profits of the business since April 1, 1909, would be justified in any case. (*Besch* v. *Frolich*, 1 Phill. 172.)

HISCOCK, J. After being copartners for many years in the manufacture and sale of various articles under a succession of agreements, in February, 1908, the parties to this action entered into a new agreement of copartnership which was to extend from said date to January 1, 1913. In addition to contributing substantial sums of money as capital, each partner, as an original agreement, expressly undertook reasonably to devote his time and

attention to the partnership affairs, but by further provision plaintiff had the right at his option to withhold his time and attention, and in which event defendant was to receive a small additional percentage of the profits.

In May, 1908, the defendant was stricken with paralysis, and thereby was concededly disabled from discharging his duties as copartner for a considerable period of time, the full extent thereof being a subject of dispute.

In March, 1909, plaintiff, claiming to act in accordance with the provisions of the partnership agreement already quoted, served a notice which, after charging defendant with failure to fulfill his partnership obligations, notified him that at the expiration of thirty days the former would regard the partnership terminated in accordance with the provisions of the copartnership agreement, and about April 2, 1909, he commenced this action for a dissolution of such copartnership. He based and prosecuted his action on the two-fold theory: *First*, that he was entitled to a dissolution under general principles of equity because of the incapacity of his partner, and, *second*, that he was entitled to such dissolution under the provisions of the partnership agreement because of the breach by defendant of his express obligations as set forth in said agreement.

I agree with the counsel for the defendant that the express agreement of the latter reasonably to apply his time and attention to the management of the affairs of the copartnership does not materially strengthen the plaintiff's case, for undoubtedly in the absence of express agreement to the contrary a partner is impliedly bound thus reasonably to devote himself to the advancement of the copartnership of which he has become a member. And further, I shall not consider plaintiff's right if any to relief under the express provisions of the partnership agreement on the theory of a breach of defendant's obligations therein set forth, simply stating, as all that is necessary, that in my opinion those provisions are limited in their

application and do not exclude the plaintiff from a right to relief on general principles of equity. Thus the discussion will be limited to the question whether he was entitled to relief under those principles.

Inasmuch as defendant's physical condition is the basic fact in the discussion, it becomes necessary to consider at some length the findings on that subject. The trial court found, amongst other things, that as the result of the stroke of paralysis May 10, 1908, he "became incapacitated from devoting any time, attention or attendance to the business of the copartnership or using reasonable endeavors in the business or the copartnership or exerting himself for the joint interest, profit and advantage of the copartnership. * * * that the defendant has not recovered (speaking as of the time of the trial in March, 1912) from the effects of said stroke of paralysis, and the *aforesaid incapacity resulting therefrom;*" that there had been a steady, progressive improvement in all defendant's difficulties, that his mentality had not been involved, and that at the time of the trial he "walked without any assistance whatever and wrote with his right hand and expressed his thoughts on any topic intelligently and could carry on any conversation without difficulty;" that his condition would "continue to improve, ending in practical recovery within the time limited for the existence of the copartnership."

In my opinion the fair construction of these findings as a whole is that defendant became and continued wholly incapacitated for the discharge of his duties as copartner from May 10, 1908, until March, 1912, and that the most which could be expected in the future was that he would make "a practical recovery within the time limited for the existence of the copartnership," namely, at some time before January 1, 1913.

I do not regard the explicit finding that the defendant at the time of the trial was still suffering from complete incapacity caused by his stroke of paralysis as at all over-

come by the very general and indefinite findings that he had so far recovered that he could perform certain acts. It cannot be fairly inferred that a person has recovered from a total incapacity to transact business because of the statement that he may do the various things mentioned when there is no further information as to the distance he could walk, the amount of writing he could do and the length of time he could converse. An established incapacity to endure the general strain and constant activity incidental to the conduct of a large business is not shown to be cured or avoided by such findings as those, and that the latter do not fairly bear the construction sought to be imposed upon them by the learned counsel for the respondent of a recovery already attained is evidenced by the finding that the defendant would make a "practical recovery" some time during the following nine months.

It also seems to me that the construction of these findings is very materially illuminated by the facts that the defendant did not appear on either of the two trials; that some time before the last one he traveled to another state whither his physicians were called for the purpose of examining him and that an attempt on the part of the plaintiff to procure a physical examination of him was opposed and defeated by his counsel. It would seem that if the defendant had sufficiently recovered to withstand the strain of active business there would have been no better way of establishing such fact than by his appearance on the trial.

The principles of law which are applicable to such a situation, as a basis for dissolution of the partnership, though not of frequent application, are, as it seems to me, extremely simple and plain.

As has already been stated, independent of express provision, a partner impliedly undertakes to advance the success of the copartnership by devoting to it, within reasonable limits, his time, efforts and ability. His copartners

are entitled to this contribution, and if for any reason he fails to fulfill his duties they are thereby deprived, in greater or less degree according to the extent of his failure, of the benefits of the contract which they have made and of the fruits thereof to which they are legitimately entitled. With entire justice, therefore, the principle has been well established that courts of equity have power to decree dissolution of a copartnership because of permanent incapacity of a partner which materially affects his ability to discharge the duties imposed by his partnership relation and contract. (Parsons on Partnership [3d ed.], pp. 503-4; Story on Partnership [6th ed.], sects. 291-4; Lindley on Partnership [3d ed.], vol. 1, pp. 235, etc.; Gow on Partnership [3d ed.], chap. 5, sect. 1, pp. 221-2; *Whitwell* v. *Arthur*, 35 Beav. 140; *Friedburgher* v. *Jaberg*, 20 Abb. [N. C.] 279, 281; *Raymond* v. *Vaughn*, 128 Ill. 256; *Jones* v. *Lloyd*, L. R. [18 Eq.] 265; *Jones* v. *Noy*, 2 M. & K. 125.)

And in elucidation of the general principle thus stated, the cases and text writers as well as common sense make it apparent that "permanent" incapacity as a ground for dissolution does not and should not mean incurable and perpetual disability during the life of the partner. It means incapacity which is lasting rather than merely temporary, and the prospect of recovery from which is remote; which has continued or is reasonably certain to continue during so substantial a portion of the partnership period as to defeat or materially affect and obstruct the purpose of the partnership.

Story says (Section 297): "It is not the mere fact of the existence of such insanity, infirmity, or other disability, supervening, that will justify the court in the application of such an extraordinary remedy (dissolution). But it must be of such a character as amounts to a permanent or confirmed disqualification to perform the duties of the partnership. If the insanity, infirmity or other disability be of a temporary or fugitive nature; if it be merely an

4

occasional malady, or accidental illness  *  *  *; if there
be a fair prospect of a recovery within a reâsonable time,
then, and in such cases, there is no fit ground for a court
of equity to decree a dissolution, for every partnership
must be presumed to be entered into, subject to the com-
mon incidents of life, such as temporary illness, infirmity,
or insanity."

In *Raymond* v. *Vaughn* (*supra*) it is said: "While
curable, temporary insanity will be sufficient, upon an
inquisition, to sustain an adjudication of insanity
*  *  *  it will not authorize a court of chancery to
decree a dissolution of a partnership if the malady be
temporary, only, with a fair prospect of recovery within a
reasonable time. (Story on Partnership, § 297.)  *  *  *
Courts of equity will, as between the partners, look to the
effect produced upon the partnership relations and busi-
ness, and refuse to determine the partnership and apply
its assets, unless the insanity materially affects the capac-
ity of the partner to discharge the duties imposed by his
contract relation."

In *Jones* v. *Lloyd* (*supra*) it was said by Sir GEORGE
JESSEL: "I quite agree with what was said on the part
of the defendant, that you must have an allegation of
permanent insanity (as a ground for dissolution) — that is,
that you must have an allegation of insanity, not merely
of a temporary character, for that is the meaning of the
rule, and not merely insanity from which it is likely or
reasonably possible that a man may recover."

Within these principles I think that the plaintiff on the
facts as now found established his right as matter of law
to a dissolution of the partnership. Many times the mean-
ing and effect of such descriptive terms as "substantial"
and "reasonable" as found in a rule of action, are to be
determined by a jury, but on the other hand it sometimes
happens that a given set of facts is so decisive that their
significance is not subject to diverse inferences and does
not present a question of fact and that I think is the

present case.  It would seem that there ought to be no
doubt or difference of opinion concerning the proposition
that when a partner has been totally incapacitated from
attending to his duties for three years and eleven months
out of a partnership period of four years and eleven
months, with no assurances that he will recover before
the expiration of the unexpired balance of the term,
the incapacity has been of a permanent and not a tempo-
rary or fleeting character and of a substantial and not
inconsequential nature, and that the purpose of his part-
ners in joining him with them has been materially and
essentially defeated.

Two special reasons are urged why the rule of dissolu-
tion should not be applied to the facts of this case.  In the
first place, it is said that inasmuch as defendant under-
took largely to discharge the ordinary duties of plaintiff
as copartner for a small extra percentage of profits, the
exactions of the partnership business could not have been
great or material enough to warrant a dissolution.  The
fact that the plaintiff's agreement with defendant entitled
the former to have the latter do his work is an added
argument concerning the disadvantages which flowed to
him from defendant's incapacity, and it can hardly be
assumed that the utter inability of a partner to discharge
his duties to the copartnership is not a matter of substan-
tial importance.

In the second place, it is said and the court in substance
has so found, that after April, 1909, plaintiff maintained the
position that he would not permit the defendant to resume
his place as a partner, although the latter desired so to
do.  The only evidence on this subject relates to the plain-
tiff's insistence that the partnership should be dissolved
because of defendant's sickness and his arrangement of
the firm bank accounts so that the latter could not draw
therefrom.  There is nothing in these facts which con-
stitutes a defense to this action.  Defendant is not required
to establish as a matter of defense that plaintiff excluded

him from participation in the partnership affairs. The burden rests upon the plaintiff to show that the defendant had become incapacitated by reason of sickness from attending to these affairs. If he establishes this proposition, it was defendant's incapacity and not plaintiff's conduct which kept the former from attending to his duties. If plaintiff does not establish this proposition, his action fails independent of any other consideration.

Having thus reached the conclusion that plaintiff on the facts as found was entitled to a dissolution of the copartnership, the question still remains as of what date such dissolution should be adjudged. In fact this at present is the only question of practical importance, for the partnership agreement having now expired by its own limitations, a judgment of dissolution is of no importance unless it relates to a date prior to such expiration.

It may be conceded, as argued by respondent, that under ordinary circumstances dissolution will be adjudged as of the date when the judgment was granted, but beyond question the court may for sufficient reason adjudge such relief as of an earlier date. (*Durbin* v. *Barber & Barney,* 14 Ohio, 311; *Dumont* v. *Ruepprecht,* 38 Ala. 175; *Fogg & Vanderslice* v. *Johnston,* 27 Ala. 432; *Von Tagen* v. *Roberts,* 2 Pearson [Pa.], 137; *Essel* v. *Hayward,* 30 Beav. 158.)

I have no doubt that if on a new trial the court should find that plaintiff is entitled to a dissolution within the principles approved by us it will have the power to adjudge such dissolution as of an earlier date when he became entitled to such relief, if to it the equities seem to warrant so doing. Plaintiff waited nearly eleven months after the commencement of the defendant's sickness before beginning this action and thereby insisting that the incapacity was permanent and that he was entitled to a dissolution. On the facts as at present found it could be fairly said that such conduct was not precipitate or unreasonable and that the claim then asserted by his

action, that defendant's incapacity was permanent and warranted a dissolution, was justified. If without fault on plaintiff's part the processes of litigation have been delayed until a judgment of dissolution taking effect when rendered will be of no benefit whatever, the cases which have been cited and principles of equity undoubtedly would entitle the court by relation of its judgment to secure him in the rights which he asserted, and as now found, possessed, without impairment by delays and obstacles for which he was not responsible.

It is urged with much vigor that the plaintiff's insistence upon a dissolution of the copartnership as of an earlier date, such as that of the commencement of the action, is so inequitable that it should be denied as a matter of law, but this is not so. There is no reason why the plaintiff rather than the defendant should bear the disadvantages resulting from the latter's unfortunate infliction. Plaintiff by reason of this action is not to be held responsible because if an earlier dissolution of the partnership shall be adjudged, the result will be that during the subsequent period defendant will have been subjected to the liabilities of the copartnership without participating in the profits. Defendant by assenting to a dissolution when demanded by plaintiff could have avoided any such consequences as the result merely of his sickness. There still would have remained, however, the provisions of the articles of copartnership expressly providing for a period of five years within which his capital should be repaid to a partner after the termination of the copartnership for any reason.

The judgment should be reversed and a new trial granted, with costs to abide event.

WERNER, COLLIN and HOGAN, JJ., concur; CULLEN, Ch. J., and CHASE, J., dissent; WILLARD BARTLETT, J., absent.

Judgment reversed, etc.