Joseph A. Heinrichs, Respondent, v. Standard Oil Company of New York (Name Now Duly Changed to Socony-Vacuum Oil Company, Incorporated), Appellant.— Order denying motion to dismiss the complaint upon the ground that it and the bills of particulars do not state facts sufficient to constitute a cause of action reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days from the entry of the order hereon. Neither the complaint nor the bills of particulars contains any facts showing that plaintiff was invited on the premises to perform an act for the benefit of defendant, and not for the convenience of the person in charge, who invited him to enter. There are no facts stated which show that there was any necessity for the person in charge to request plaintiff to assist him. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

Morris Helfenbaum, Appellant, v. Paul Mish and Joseph Mish, Respondents. — Judgment in favor of plaintiff modified so as to provide that plaintiff have an accounting in accordance with proposed conclusions of law numbered 5 and 6, which are hereby found. As so modified, the judgment is unanimously affirmed, with costs to appellant. On December 15, 1934, when plaintiff was expelled from the copartnership, he had a pecuniary interest in every existing contract that was incomplete. He also had a pecuniary interest in the trade name of the copartnership and the assets then existing. Such contracts as were wrongfully taken in that trade name after plaintiff was expelled became a proper subject-matter of accounting by the defendants to the plaintiff in view of the taking of them in the trade name in which plaintiff had an interest, and in so far as such contracts were performed with the equipment and assets of the copartnership theretofore vesting in the plaintiff and the defendants under the trade name. The findings of fact indicate that such was the conduct of the defendants and the conclusions of law should be of a scope broad enough to accord plaintiff his full rights. To do otherwise would be inequitable. In other words, the situation is one where the general rule should be applied that an accounting under a dissolution of a partnership should be up to and as of the date of the decree. (*Barclay* v. *Barrie*, 209 N. Y. 40, 53; 30 Cyc. 658; Lindley on Partnership [10th ed. 1935], p. 681.) Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.